The People
v.
Waite.

### THE PEOPLE *vs.* WAITE.

A *commissioner of deeds*, appointed under the act of 1823, was entitled to hold his office for *four years*, and until the expiration of that period another could not be appointed in his place.

Quo WARRANTO. The attorney-general filed an information in the nature of a *quo warranto*, stating that on the 27th November, 1827, *Abner Hazeltine* was duly appointed a *commissioner* to take the proof of deeds, &c. for the town of Ellicot, in the county of Chautauque, and that for 100 days preceding the 14th April, 1831, *Joseph Waite* had usurped the office of a commissioner. The defendant pleaded that at the annual meeting of the board of supervisors of the county on the 9th and 10th days of November, 1830, he was duly appointed a commissioner in the place of A. Hazeltine, whose term of office had expired. The attorney-general demurred.

*J. C. Spencer,* for the people.

*C. P. Kirkland & J. A. Spencer,* for the defendant.

*By the Court,* NELSON, J. The act of 1823, *sess.* 46, *p.* 244, authorizing and regulating the appointment of commissioners under the new constitution, declares that they shall hold their offices by the same tenure as justices of the peace, who, by *Art.* 4, § 7, of the constitution, hold their offices for four years. It was contended by the counsel for the defendant that the term *tenure* designated only the manner of holding the office ; that holding by the same tenure as justices of the peace meant that the commissioners should hold their office in the same manner, and be displaced for the same reasons. I apprehend this is too restricted a definition of the term, and that it was intended to include the duration of the term of office, in addition to the manner of holding, and so the word is understood in the constitution, *Art.* 5, § 5. If such is not the fair and legal meaning of the term, then the act of 1823 does not fix any period of service, and the officer would

hold his office till removed for cause shewn, or during the pleasure of the appointing power; and if the latter, then the argument that holding by the same tenure as justices means holding in the same manner, and to be displaced for the same reasons, have no application. This could not have been the intention of the legislature.

It was also said, that as the act of 1823 was by its terms to continue but three years, it was not competent for the legislature to give a longer term of service to any officer to be appointed under it. If the act had expired it might have been a question whether the office itself would not have also expired. Perhaps it would, as the office was created by and subject to all the provisions of the act. But the continuance of the statute by the act of 1826 removes this objection. By this act the statute of 1823 is continued in force three years longer; one of the provisions of which, (1823,) gave to these officers, as we contend, a period of four years service.

The act of December 10, 1828, *see Laws of 1829, p. 34 and* 68, continued in force the act of 1823 till the revised statutes should go into operation. The *R. S. vol. 3, p.* 147, *no.* 391 of the repealing act, repeals the law, which was an act of supererogation; but the 14th section of the same provides that the repeal of any statute which is re-enacted by the revised statutes, by which any appointment shall have been made, or any office is or shall be held, shall not be construed to vacate such office, or in any way affect the appointment, but such office shall continue after the repeal, subject to the provisions of the revised statutes. The act of 1823 is re-enacted in *Art. 3, ch. 5, p.* 1, *R. S. vol.* 1, *p.* 109. As the repeal was not to affect in any way the appointments under the old law, the officer had a right to hold and enjoy his office till the expiration of the term, the same under the old law, subject to such provisions concerning the office as are found in the new.

Though the act of 1828, which continued that of 1823 in force, limited it to the time when the revised statutes should take effect, and the repeal in the general repealing act therefore was not necessary as to this statute, and the 14th section refers only to offices held under an act repealed by

NEW-YORK, the general act, this should not vary the legal effect of the
May, 1832. above section, as that statute did in terms repeal the one of
1823, and the intention of the legislature cannot be mistak-
Knapp en. I am of opinion, therefore, that the relator was entitled
v. to hold his office for four years from the time of his appoint-
Curtis. ment, and that the judges and supervisors erred in suppos-
ing his term had expired, and in appointing another in his
place.