## SMITH v. McCONNELL.

1. PROBATE JUDGE—TERM OF OFFICE—VACANCY.—A judge of probate elected at the general election in 1890 for the term of four years, resigned his office in 1892, and defendant was elected his successor at a special election held in January, 1893. Plaintiff was elected judge of probate at the general election in 1894, and demanded the office. *Held*, that the defendant was entitled under the Constitution to hold his office for full four years from the date of his election in January, 1893, and not only for the unexpired term of his predecessor. *Cases reviewed.*

2. IBID.—IBID.—IBID.—Art. IV., § 11, of the Constitution provides that "all vacancies in the Supreme Court or other inferior tribunals shall be filled by elections as herein prescribed; provided that if the unexpired term does not exceed one year, such vacancy may be filled by executive appointment." *Held*, that a judge of probate elected by the people to fill an unexpired term, exceeding one year, is entitled to hold his office for full four years from the date of his election, under the declaration in art. IV., § 20,

---

[1] 2 Am. & Eng. Enc. L., 61, 62; 61 Cal., 405; 76 Me., 590, 20 Atl. Rep., 1; 2 Bail., 466.

that "the judge of said [probate] court shall be elected by the qualified electors of the respective counties for the term of four years."

3. IBID.—IBID.—IBID.—CONSTITUTIONAL CONSTRUCTION.—Constitutions should be construed as a whole, and the Constitution of this State of 1868, when so construed, does not affect the meaning of art. IV., §§ 11 and 20, as herein construed, by the declaration in art. XIV., § 10, that all State officers shall be elected at general elections; this provision applies only to regular elections.

4. IBID.—STATE OFFICER—STARE DECISIS.—A judge of probate held to be a State officer, under the rule of *stare decisis.*

Before WITHERSPOON, J., Williamsburg, February, 1895.

Proceeding by Ervin M. Smith, under section 434 of the Code of Procedure, to obtain from J. Zuill McConnell the office of judge of probate. Decree was for defendant, and plaintiff appealed.

*Mr. E. G. Chandler,* for appellant.

*Mr. T. M. Gilland,* contra.

September 3, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The only question presented by this appeal is, whether the plaintiff or the defendant is entitled to hold the office of judge of probate for the county of Williamsburg. The facts out of which this controversy arises are undisputed, and may be stated as follows: At the general election in 1890, one W. W. Grayson was duly elected to the office of judge of probate for the county of Williamsburg, and having qualified as such, entered upon the duties of said office, which he continued to discharge until after the general election in 1892, when he resigned his said office. In January, 1893, a special election was ordered and held to fill the vacancy occasioned by the resignation of said Grayson, at which the defendant, McConnell, was elected and qualified as judge of probate for said county, and is now holding said office. At the general election in 1894, Ervin M. Smith was elected to the said office, and having qualified, has received a commission as judge of probate for the said county; and having demanded of the defendant to turn over to him the said office, with the

books, papers, &c., belonging thereto, with which demand the defendant refused compliance, upon the ground that he was entitled to hold said office for the term of four years from his election in January, 1893, these proceedings were instituted by the plaintiff under section 434 of the Code, to obtain the possession of said office.

The case was heard by his honor, Judge Witherspoon, who held that the defendant was entitled to hold the office in question for the term of four years from his election in January, 1893, and accordingly rendered judgment that the proceedings be dismissed.    From this judgment plaintiff appeals, upon the several grounds set out in the record, which need not be repeated here, as the whole case turns upon the single inquiry, whether defendant was entitled to hold the office for the full term of four years or only for the unexpired portion of the term of said Grayson.

It seems to us that this question has been so conclusively determined by at least two decisions of this court— *Wright* v. *Charles*, 4 S. C., 178, and *Whipper* v. *Reed*, 9 *Id.*, 5—as to render any further discussion unnecessary; for the former has been recognized in the following subsequent cases: *Whipper* v. *Reed, supra; Macoy* v. *Curtis*, 14 S. C., 367; and *Simpson* v. *Willard, Ibid.*, 191, while the latter has not only been recognized but distinctly approved in *Simpson* v. *Willard supra*.    This ought to be sufficient to determine this controversy, but in deference to the zeal and ability with which counsel for appellant has pressed this appeal, we will not decline to consider the question further.    There can be no doubt, that if the term of an office has been fixed by the Constitution, there is no power in this court, not even in the legislature, to abridge or alter such term.    As is said by Moses, C. J., in *Wright* v. *Charles, supra*, quoting from the previous case of *Reister* v. *Hemphill*, 2 S. C., 335: "Where the organic law fixes the term of office, it is not in the power of the legislature by an act to change that term."    So that the fundamental inquiry in this case is, whether the term of office of a judge of probate has been fixed by the Constitution.    The terms of section 20, art. IV., of the Constitution, leaves such question in no doubt, for it is there

declared (referring to the court of probate), "The judge of said court shall be elected by the qualified electors of the respective counties for the term of four years."

But it is contended that the constitutional provision just quoted applies only to regular elections, and does not apply to a case like the present, where one has been elected at a special election to fill a vacany occasioned by a resignation of the office by the former incumbent, before the expiration of the term for which he was elected. This contingency has likewise been provided for by section 11 of the same article, which reads as follows: "All vacancies in the Supreme Court, or other inferior tribunals, shall be filled by elections as herein prescribed: Provided, That if the unexpired term does not exceed one year, such vacancy may be filled by executive appointment." It is not, and cannot be, denied that this constitutional provision applies as well to a vacancy in the office of a judge of probate as it does to a vacancy in the office of a Circuit Judge, to which it has been applied in the case of *Whipper* v. *Reed, supra.* What, then, is the proper construction of the section last quoted? So far as the question presented in this case is concerned, it has been conclusively answered by the express decision of this court in the case of *Whipper* v. *Reed, supra,* recognized and approved in the subsequent case of *Simpson* v. *Willard, supra,* for we are unable to discover any difference, in principle, between the two cases. In both cases the question arose as to the title to a judicial office which the Constitution provided should be filled by election—in one case by the legislature and in the other by the people of the county—and this, so far as we can perceive, is the only difference between the two cases. Surely this difference as to the mode of election cannot affect the principle here involved.

It will be observed that in the section under consideration, providing for the filling of vacancies in any judicial office, the following language is used: "shall be filled by elections *as herein prescribed*" (italics ours), showing that the framers of the Constitution had in mind the fact that the Constitution provided for different modes of election of judicial officers—some by the legislature and others by the people—and hence the propriety

of the words used, "by elections *as herein prescribed,*" to avoid the circumlocution of saying by elections by the legislature, where that was the mode prescribed for filling certain judicial offices, or by elections by the people, where that was the mode prescribed by the Constitution for filling vacancies in other judicial offices," *e. g.*, judges of probate or justices of the peace. Now, as the Constitution provides, in section 20, of art. IV, that a judge of probate shall be elected by the qualified electors of the respective counties for the term of four years, and in section 11 of the same article provides that a vacancy in the office of judge of probate shall be filled by an election by the qualified electors of the county, without saying anything whatever to alter or abridge the term of the office as fixed by the Constitution, it follows necessarily, that a person elected to fill a vacancy in the office of judge of probate, occasioned by the death or resignation of the previous incumbent, is entitled to hold the office for the full term as fixed by the Constitution. It was upon this view that the case of *Whipper* v. *Reed* was decided; for, in that case, Judge Graham having vacated the office of judge of the first judicial circuit, by death, before the expiration of the term for which he was elected, Judge Reed was duly elected to fill such vacancy, and the question was, whether Judge Reed was entitled to hold the office for the full constitutional term of four years, or only for the unexpired portion of the term for which Judge Graham was elected. The court held, under the views above indicated, that Judge Reed was entitled to hold the office for the full constitutional term of four years.

The same view was adopted by the Court of Appeals of Virginia, in the case of *Ex parte Meredith,* 33 Gratt., 119, reported, also, in 36 Am. Rep., 771, where Staples, J., in delivering the opinion of the court, uses language which meets some of the views contended for by counsel for appellant, as follows: "Vacancy *ex vi termini* means vacancy in the office, and not in the term. When we speak of vacancy in an office, we mean there is no incumbent—no one entitled to exercise its powers and receive its compensation. 2 Abbott Law Dictionary, 624; *People* v. *Waite,* 9 Wend., 58. When an election is made to

fill a vacancy, the election carries with it all the rights, immunities, and privileges attached to the office, one of which is the right to hold for the full period prescribed, and not to merely serve out a vacant term of office of a predecessor." Or, as is said by Moses, C. J., in delivering the opinion of the court in *Wright* v. *Charles, supra:* "The term of office being fixed by the Constitution, the party holding it by election is entitled to all the rights, powers, and incidents which belong or pertain to it; and by what course of reasoning the duration of the term is not to be included among them, is difficult to perceive. The person elected to fill a vacancy does not succeed to the unexpired portion of the term of his predecessor, but holds by a determinate tenure prescribed by the Constitution. The vacancy exists in the office, the term is the duration of it, not dependent upon the death or resignation of the person holding it, but on the law. No matter how the office becomes vacant, the party elected to succeed to it is not in as the mere *locum tenens*, only supplying the term of the person who last preceded him."

But it is contended that the views which we have presented ignores the effect of the proviso to section 11 of art. IV. of the Constitution: "That if the unexpired term does not exceed one year, such vacancy may be filled by executive appointment"—which, it is contended, shows that the term vacancy is used in the section in the sense of, or as meaning, the unexpired term of, the officer by whose death or resignation the vacancy has been occasioned. This view would require the court to take such liberties with the language found in the Constitution, as no court is permitted to do. The term "vacancy" must mean something more than the mere unexpired term of a previous incumbent, especially when used in connection with the office of judge of probate; for it will be observed that the Constitution limits the term of that office to four years, and does not provide, as it does in reference to certain other offices, that the judge of probate shall hold his office for the term of four years, *and until his successor shall be elected and qualified.* Hence, upon the expiration of the four years for which a person may be elected to the office of judge of probate, such office becomes

vacant, when there could not possibly be any unexpired term. The true intent of the proviso to section 11 was simply to provide an exceptional mode of filling a vacancy in an exceptional case. But for this proviso, *no* vacancy in the office of judge of probate could be filled by executive appointment, but must have been filled by election. *Whitmire* v. *Langston*, 11 S. C., 381. The real object of the proviso, therefore, was simply to provide for an exceptional case, and it was not intended to effect the general provisions in reference to all other cases made in the body of the section.

But, in addition to this, the very fact that the framers of the Constitution saw fit to make special provision for an exceptional case, shows that in all other cases, not falling within such exception, the general provisions of the Constitution, that all vacancies shall be filled by election, "as herein prescribed," which election carried with it the right to hold the office for the full constitutional term of four years, applies. As was said in *Ex parte Meredith, supra:* "Whenever elected, or for whatever purpose elected, the incumbent shall hold for six years. The language is general and positive. It embraces all the judges. It refers to the offices of all. If, therefore, in any case we hold the duration of a term to be less than six years, it must be done by supplying words not found in the Constitution. The second section of the fifth article provides that the governor, during the recess of the General Assembly, may fill *pro tempore* all vacancies in those offices for which the Constitution and laws make no provision, but his appointments shall expire at the end of thirty days after the commencement of the next session of the legislature. Now, as the duration of the governor's appointment is expresly limited, if it was intended that the legislative appointment, upon the happening of a vacancy, should be also limited, the fair inference is, it would have been so expressly declared." So, we say here, the fact that the power of appointment conferred upon the governor in a special case, is limited to the expiration of a term for which the former incumbent was elected, the fair inference is, that if it was intended to limit the appointment conferred by the election by the people, such an intent would have been de-

clared; but as there is nothing in the section indicating any intent to limit the appointment conferred by the voice of the people—expressed at the ballot box—no such intent can be inferred.

But, again, it is contended that the scheme of the Constitution, as indicated by the provisions of section 10 of art. XIV., is, that all elective officers shall be elected at the same time. That section reads as follows: "The election for all State officers shall take place at the same time as is provided for that of members of the General Assembly, and the election of those officers whose terms of service are for four years shall be held at the time of each alternate general election." And hence it is argued that an election held at any other time cannot confer a title to office for a longer period than until the next regular election. This, it seems to us, is a *non sequitur*, for the more appropriate logical conclusion from the terms of that section, *if considered by itself*, would be that an election held at any other time would be illegal, and would confer no title to the office for *any* period of time. We cannot adopt either of these conclusions, for the well-settled rule is that, in construing a constitution or, indeed, any other instrument in writing, it must be looked at as a whole, and not in detached parts. If we should, in construing section 10 of art. XIV. of the Constitution, confine our attention solely to the language used in that section, we should certainly be brought to erroneous conclusions. It declares that "the election of all State officers shall take place at the same time as that appointed for the election of members of the General Assembly," &c. Now, as justices of the Supreme Court and judges of the Circuit Courts are unquestionably "State officers," it would follow necessarily, if we looked alone to the terms of that section, that these judicial officers must be elected at the time appointed for the election of members of the General Assembly. But when we look to other provisions of the same instrument, we see plainly that such a construction is not permissible.

So, too, if we look to the literal terms of that section alone, we would be conducted to the conclusion that any election for any office by the people would not be legal unless held at the

time designated by the section; the practical result of which would be, that if a judge of probate should vacate his office, by death or resignation, within one month after the general election in 1890, the office would remain vacant for the remainder of his term—a period of very nearly four years—for the vacancy could not be filled by the appointment of the governor ( *Whitmire* v. *Langston, supra*), and could not be filled until the general election in 1894. Surely such a result the framers of the Constitution, who must be regarded as conscious of the contingencies to which all human affairs are subject, could not possibly have intended; and they have shown by other provisions in the Constitution that they did not so intend; for, as we have seen, they made special provision, by section 11 of art. IV., for filling vacancies in the office of judge of probate, and all other judicial officers, embracing those elected by the people as well as those elected by the legislature. It seems to us, therefore, that section 10 of art. XIV. of the Constitution, should be construed as prescribing a time for the *regular* elections of all State officers, and that other provisions in the Constitution provide for special elections to fill vacancies, the time for holding which is not, and could not be, prescribed in the organic law, as that would depend upon the time when the exigency arose.

We may add, that while the question whether judges of probate, clerks of court, sheriffs, and othes officers usually denominated as county officers, can properly be included in the terms "all State officers," as used in section 10, art. XIV., of the Constitution, might, if *res integra*, be open to grave doubt; yet, in view of the decision in the MS. case of *Williman* v. *Ostendorf*, not reported, but cited with approval in the case of *The State ex rel. Anderson* v. *Sims*, 18 S. C., 460, and also in *Pettigrew* v. *Bell*, 34 *Id.*, 104, we are not now disposed to reopen the question.

It does not seem to us that there was any error on the part of the Circuit Judge in holding that the defendant was entitled to hold the office in question for the term of four years.

The judgment of this court is, that the judgment appealed from be affirmed.