## 9066

### STATE *EX REL.* GASQUE v. SINGLETON.

(84 S. E. 989.)

1. PUBLIC OFFICERS—CIRCUIT SOLICITOR—VACANCIES.—An appointee by the Governor, under Civil Code, sec. 694, to fill the office of Circuit Solicitor, holds under Civil Code, sec. 695, only until the office can be filled at the next general election.

2. DISTRICT AND PROSECUTING ATTORNEYS—APPOINTMENT OR ELECTION—CONSTITUTIONAL AND STATUTORY PROVISIONS—"OFFICER OF EXECUTIVE DEPARTMENT."—Const., art. V, sec. 29, declares that there shall be one Solicitor for each Circuit, to be elected by the qualified electors thereof for a term of four years. Civ. Code, sec. 682, defines the executive department to consist of the Governor, the Attorney General, and Solicitors, etc. Section 683 provides for the filling of a vacancy in the office of Attorney General, etc. Section 694 provides that the Governor shall appoint Circuit Solicitors upon vacancies in such offices. Section 695 provides that he shall appoint to a vacancy in an office of the executive department until it is filled by general election, or by the General Assembly, etc. And section 722 declares that the office of Circuit Solicitor shall become vacant if he ceases to reside in the county. *Held,* that the Solicitor was an "officer of the executive department," and that the Governor had no power to appoint a Solicitor for a time extending beyond the first general election held after the vacancy occurred.

3. DISTRICT AND PROSECUTING ATTORNEYS—APPOINTMENT TO ELECTIVE OFFICE—CONSTITUTIONAL PROVISIONS.—Such provisions, if construed to empower the Governor to appoint a Circuit Solicitor for the full unexpired term, would be void, since, when an office is made elective by the Constitution and a vacancy arises, the Governor cannot fill it by appointment, except temporarily, where the Constitution gives him no such express power, or change the term of an office by appointment for the full unexpired term which would be less than if the vacancy was filled by a general election for a full term.

In the original jurisdiction. January, 1915.

Action in nature of *quo warranto* by the State on relation of L. M. Gasque against L. B. Singleton. The facts are stated in the opinion.

*Mr. L. D. Lide,* for plaintiff, cites: 29 Cyc. 1401, 1402; 50 L. R. A. (N. S.) 350; 1 McC. 245; 44 S. C. 491; 9

S. C. 12; 50 N. W. 744; 32 Cyc. 692; 1 McC. 233; 9 S. C. 158, 159.

*Mr. R. B. Scarborough,* for defendant.

April 16, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This proceeding was instituted for the purpose of determining whether the petitioner or the respondent is the duly qualified Solicitor of the Twelfth Judicial Circuit.

Walter H. Wells was elected Solicitor in 1912, and after entering upon the discharge of his duties, died in January or February, 1913.

On the 4th of February, 1913, the respondent, L. B. Singleton, was appointed by the Governor to fill the entire unexpired term of Walter H. Wells; and, since his appointment, he has discharged the duties of that office.

At the general election of 1914, the relator, L. M. Gasque, was elected Solicitor and has received a commission from the Governor.

In order to determine the question under consideration it will be necessary to refer to the constitutional and statutory provisions relating to the office of Solicitor.

Section 29, art. V of the Constitution, is as follows:

"There shall be one Solicitor for each Circuit, who shall reside therein, to be elected by the qualified electors of the Circuit, who shall hold his office for the term of four years and shall receive for his services such compensation as shall be fixed by law. In all cases where an attorney for the State of any Circuit fails to attend and prosecute according to law, the Court shall have the power to appoint an attorney *pro tempore.*"

Sections 682, 683, 694, 695 and 722, vol. I of the Code of Laws, are as follows:

Section 682: "The Executive Department of this State is hereby· declared to consist of the following officers—that

is to say, the Governor and Lieutenant Governor, the Secretary of State, the Treasurer of the State of South Carolina, the Attorney General and Solicitors, Adjutant and Inspector General, Comptroller General, State Superintendent of Education, Commissioner of Agriculture, Commerce and Industries and the Insurance Commissioner."

Section 683: "In case any vacancy shall occur in the office of Secretary of State, Treasurer, Comptroller General, Attorney General, Adjutant and Inspector General or State Superintendent of Education, by death, resignation or otherwise, such vacancy shall be filled by election by the General Assembly, a majority of the votes cast being necessary to a choice.    If such vacancy occur during the recess of the General Assembly, the Governor shall fill the vacancy by appointment, until an election by the General Assembly at the session next ensuing such vacancy."

Section 694: "The Governor, by and with the advice and consent of the Senate, shall appoint the following officers: * * * Circuit Solicitors, when there is a vacancy in such office by reason of death, resignation, ceasing to reside in the Circuit, or otherwise.

"Any vacancies which may happen in any of the said offices during the recess of the Senate, may be filled by the Governor, who shall report the appointment to the Senate at the next session, and if the Senate do not advise and consent thereto, at such session, the office shall be vacant."
* * *

Section 695: "The following officers shall be appointed by the Governor:

"1. Any vacancy in an office of the Executive Department occurring during a recess of the General Assembly. The terms of such appointment to be until the vacancy be filled by a general election, or by the General Assembly in the mode provided by law."

Section 722: "In case any Circuit Solicitor shall cease to reside in his Circuit, his office shall become vacant.    In

case any vacancy shall occur in such office by death, resig-
nation or otherwise, the vacancy thereby created shall be
filled by the Governor, by and with the advice and consent
of the Senate. The Judge residing in the Circuit of the
Solicitor, whose office shall thus become vacant, shall certify
such vacancy to the Governor."

These statutory provisions must be construed together,
and, if possible, such a construction should be placed upon
them as will give force and effect to all.

The Solicitor is an officer of the Executive Department,
and, therefore, the provisions of section 695 are applicable
to him.

Neither section 694 nor section 695 prescribes the length
of time for which the appointment is to be made by the
Governor. This, however, is fixed by section 695, which
limits the duration of the appointment as to Solicitors, until
the vacancy can be filled by a general election; as it is an
elective office.

When the foregoing sections are construed together, it
is manifest that the legislature did not intend to confer
upon the Governor power to appoint a Solicitor for such a
length of time as would extend beyond the first general
election held after the vacancy occurred.

This is the only construction by which all the sections can
be harmonized.

But even if it was intended by the statutes to empower
the Governor to appoint a Solicitor for the full unexpired
term, when a vacancy arose, such an enactment would be
void.

When an office is made elective by the Constitution and
a vacancy arises, the Governor cannot fill it by appoint-
ment, except temporarily, unless the Constitution gives
him such power. And there is no such provision in the
Constitution as to the office of Solicitor.

If the legislature had attempted to empower the Governor
to appoint for a term extending beyond the first general

election after the office became vacant, such a statute would contravene the provisions of the Constitution in two respects.

It would be an attempt to make an office appointive which the Constitution had declared to be elective; and it would be an attempt to change the term of office, as the appointment for the full unexpired term of office would necessarily be less than four years, yet if the vacancy was filled by a general election the term of office would be for four years.

It would be against the letter, as well as the spirit, of the Constitution to hold that the Governor's appointment to an elective office should continue of force after the vacancy had been filled in the manner contemplated by the Constitution, to wit, by an election expressing the choice of the qualified electors of the Circuit.

The propositions herein announced are fully sustained by the case of *Smith* v. *McConnell*, 44 S. C. 491, 22 S. E. 721, and the cases therein mentioned.

It is the judgment of this Court that the petitioner is entitled to the relief for which he prays.