13627

CANNON v. SLIGH *ET AL.* (McLEOD, INTERVENER)

(169 S. E., 712)

46

*Messrs. Samuel Want* and *Melvin Hyman,* for appellants,

*Messrs. Dargan & Paulling,* for respondents and *J. A. McLeod, intervener,*

April 26, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

For a proper understanding of the issues involved in this appeal, a brief statement of the facts is necessary. At the general election in 1928, J. Hart Coker was elected Clerk of Court for Darlington County. He died during the year 1930, and Miss Blanche C. Law was appointed by the Governor to hold until the next election. J. E. Cannon, the appellant in this action, was nominated for the position in the Democratic primary of 1930 and was elected at the general election of that year. He thereafter qualified and was commissioned by the Governor and since then has been exercising the functions of the office.

In 1932, during Cannon's second year, the question arose whether his election in 1930 was for four years or for two years. The matter being in dispute, he instituted this action, on or about June 27, 1932, to enjoin the respondents, who constituted the Darlington County Democratic Executive Committee, from permitting candidates for this office to enter the Democratic primary of August, 1932, on the ground that there was no vacancy in such office. Upon the verified petition filed, Judge Dennis granted a temporary restraining order and required the respondents to show cause why the injunction should not be granted. By their return, the Executive Committee contested the petition on the ground, *inter alia,* that the appellant was not elected to the office of Clerk for the full term of four years, but only for the unexpired term of his predecessor, which would expire with the general election of 1932. Judge Dennis being disqualified, the matter was heard by Judge Stoll of the Third Circuit, who held that the petitioner "was either elected for the unexpired term of his predecessor, in accordance with the provision of Section 2351 (of the Code), or he was not elected at all"; and in an order dated July 9, 1932, from which this appeal is taken, he refused the injunction and dismissed the petition.

After the appeal from this order was perfected by the filing of the transcript of record, J. A. McLeod and others became candidates for the office of Clerk. of Court in the Democratic primary of August, 1932, McLeod being nominated. He was subsequently elected at the general election of that year, and thereafter qualified and received his commission from the Governor. He then made demand upon Cannon for the possession of the office, which was refused.

In order to avoid unnecessary litigation, expense, and delay, the appellant and the respondents, and McLeod as intervener, joined in a petition in this cause, in which they set forth the nomination and election of McLeod, etc., and prayed that he be made a party to the action and that all is-

sues involved in the controversy between him and the appellant be adjudicated herein. The prayer of this petition was granted by an order of the Chief Justice, dated January 14, 1933, and, consequently, all conflicting claims to the office are now before this Court for adjudication.

The main and controlling question in the appeal is, was the appellant, J. E. Cannon, elected to the office in question for the term of four years?

Section 27 of Article 5 of the Constitution of 1895 contains the following: "There shall be elected in each county, by the electors thereof, one Clerk for the Court of Common Pleas, who shall hold his office for the term of four years, and until his successor shall be elected and qualified. * * *" This is the only provision in the Constitution with reference to this matter, no time being designated therein for the holding of such election, the date of commencement and conclusion of the term not being specified, and no method of filling vacancies being prescribed. The Constitution of 1868 contains exactly the same provision (Section 27, Article 4); and the General Assembly in 1882 properly provided for the omitted details by legislation (*State ex rel. Anderson v. Sims,* 18 S. C., 460; *Reister v. Hemphill,* 2 S. C., 325), which, as amended, now appears as Sections 2350, 3577, and 2351 of the 1932 Code.

Section 2350 provides for an election of Clerk of Court of Common Pleas "at every alternate general election, reckoning from the year one thousand eight hundred and eighty-eight. * * *" The same provision is contained in Section 3577. Section 2351, having to do with the filling of vacancies, is as follows: "In the event of a vacancy at any time in any of the offices of any county of the State, whether from death, resignation, disqualification, refusal or neglect to qualify of the person elected or appointed thereto, expiration of the term of office, removal from the county or from any other cause, the Governor shall have full power to appoint some suitable person, who shall be an elector of the county, and,

upon duly qualifying according to law, shall be entitled to enter upon and hold the office to which he has been appointed if it be an elective office, until the next general election, when an election shall be held to fill the unexpired term, and the officer so appointed or elected shall hold said office for the term of said election or appointment, and until his successor shall qualify."

As originally enacted for the filling of vacancies, the law was not as it now appears in this section, but provided that " * * * the Governor shall have full power to appoint some suitable person, who shall be an elector of the county, and, upon duly qualifying according to law, shall be entitled to enter upon and hold the office to which he has been appointed, if it be an elective office, until the next general election for such office. * * * " Gen. St. 1882, § 161. In 1899, the Legislature amended the law (23 Stat. at Large, p. 84), by striking out the words "for such office," following the word "election," and inserting in lieu thereof the following, "when an election shall be held to fill the unexpired term, and the officer so appointed or elected shall hold said office for the term of said election or appointment," so that, as amended, the law read as it now appears in Section 2351.

The appellant urges that our decisions support the position, that where the Constitution merely prescribes the length of the term, making no reference to the date of its beginning or ending and being silent as to an unexpired term or vacancy in the office, and a vacancy occurs by death or otherwise, "the office reverts to the people or sovereign, and when again vested it is not for the unexpired term, but for the full term"—citing 46 C. J., 977. Among the cases cited, *Wright v. Charles,* 4 S. C., 178, is mainly relied on as sustaining this position. In 1869 Charles was elected Clerk of Court for Darlington County in pursuance of an Act of the Legislature of that year, which "authorized the Governor, in thirty days after its passage, to order an election for the purpose of filling each and every vacancy in the various

counties throughout the State, which has occurred by reason of death, resignation or inability to serve, or from any other cause." He was commissioned by the Governor in July, 1869, "the commission to continue in force for four years," and thereafter duly qualified and took possession of the office. In October, 1872, Wright was elected to the office under an Act of the Legislature of 1870 (14 Stat. 338), by which every succeeding general election was fixed as the time for the election of. county officers. Wright was commissioned by the Governor, the commission bearing the words "to continue in force for four years." He thereafter qualified and made demand upon Charles for the possession of the office, which was refused. The case was decided under the Constitution of 1868, which contained, as we have said, the identical provision quoted from the 1895 Constitution, and in addition the following (Section 10 of Article 14) : "The election for those officers whose terms of service are for four years, shall be held at the time of each alternate general election." The Court observed: "The term of office, as well as the manner of the election, are fixed by the Constitution. No provision was made either as to the time when the Clerk was to be elected, nor was authority given for an election to supply a vacancy arising from resignation, death, or any other cause." It then declared: "The term of office being fixed by the Constitution, the party holding it by election is entitled to 'all the rights, powers and incidents' which belong or pertain to it, and by what course of reasoning the duration of the term is not to be included among them it is difficult to perceive. The person elected to fill a vacancy does not succeed to the unexpired portion of the term of his predecessor, but holds by a determinate tenure prescribed by the Constitution. The vacancy exists in the office, the term is the duration of it, not dependent on the death or resignation of the person holding it, but on the law. No matter how the office becomes vacant, the party elected to succeed to it is not in as the mere *locum tenens* only supplying the term of the person who last preceded him."

See, also, *Anderson v. Sims, supra; Reister v. Hemphill, supra; Macoy v. Curtis,* 14 S. C., 367; *Whipper v. Reed,* 9 S. C., 5; *State v. Hough,* 103 S. C., 87, 87 S. E., 436.

In the *Hough case,* decided under the Constitution of 1895, the Court, in line with the older decisions, said: "When the Constitution creates an office, and fixes the term thereof, and prescribes the mode of filling it, the Legislature is without power to abolish the office, or vary the term thereof, or prescribe a different mode of filling it, or remove or suspend the officer, unless authority for such action can be found in the Constitution." Citing cases.

By the above-quoted provision of the Constitution of 1895, the term of office of Clerk of Court, as we have seen, is fixed at four years; and it is well settled, under the decisions cited, that the Legislature has no power to vary this term. But it may, where the Constitution does not designate the time for holding the election, as we find to be the case here, properly fix such time by legislative enactment (*Anderson v. Sims, supra*); and where the organic law does not provide for the filling of vacancies, it may also provide therefor (*Reister v. Hemphill, supra*). As we have observed, Sections 2350 and 3577 of the Code fix as the time for the election of Clerk of Court in this State every alternate general election, counting from 1888. It is not contended that these sections are in conflict with the Constitution; on the contrary, it is conceded that they are supplementary thereto and valid. It is also agreed that, counting from the year 1888, an election for Clerk of Court, as provided for by these sections, would fall in the year 1932. The appellant, as we have indicated, was elected at the general election of 1930. It is, therefore, contended by counsel for respondents that any election for Clerk of Court at that time was necessarily held under Section 2351; that if this section is valid, appellant was elected, in accordance with its clear provisions, to hold only for the unexpired term; and that if it is unconstitutional, he was not elected at all. We are in ac-

cord with this contention. Section 2351 provides for an election "to fill the unexpired term," in the event of a vacancy caused by death, etc., which in the present case was for a period of two years. In *Wright v. Charles* it was held that "if the Legislature had, by express enactment, declared that one elected to fill the unexpired term of the office of Clerk, made vacant by any cause, should only hold for such term, it would have been inoperative and void, for, as was said by Mr. Justice Wright, in the opinion of the Court in *Reister v. Hemphill*, 2 S. C., 325, 'where the organic law fixes the term of office, it is not in the power of the Legislature, by an Act, to change that term.' "

It is perfectly clear, from a reading of Section 2351, that the Legislature intended, as is specifically provided therein, that an election held thereunder—in this case for Clerk of Court—"is to fill the unexpired term," and that the person so elected shall hold the office for such term only. Unquestionably, therefore, the Legislature attempted, by this enactment, to vary, as the result of such election, the term of office of Clerk of Court fixed in the Constitution as four years. This, as held in the *Wright case*, it was without power to do.

The appellant contends, however, that even under such conclusion the part of the section providing for the election would not necessarily fall, but only so much of it as varies the term of office prescribed by the Constitution; and urges that under the general principles controlling the construction of partially invalid statutes, the Court should so determine and hold in this case. We are convinced, from a careful study of the section, that this position cannot be sustained. The wording of the statute presents no ambiguity. Therefore, to declare such election to be for the term as fixed by the Constitution, although the Legislature explicity provided by the Act that "it is to fill the unexpired term" and that the person so elected shall hold the office for such term only, would be for this Court to read into the law language that was not

used by the Legislature or to give to the words actually used a meaning that was not intended. We, therefore, conclude that the section, so far as it provides for the holding of the election, does not meet all the tests or conditions on which the result contended for by the appellant depends. See *Gillespie v. Blackwell,* 164. S. C., 113, 161 S. E., 869. It necessarily follows, and we so hold, that so much of Section 2351 as provides for an election "to fill the unexpired term" and for the tenure of office of the person so elected, is in conflict with Section 27 of Article 5 of the Constitution of 1895, and is, therefore, inoperative and void.

The appellant charges Judge Stoll with error in dissolving the restraining order issued by Judge Dennis and in refusing to grant a temporary injunction as prayed for in his petition. While this question has been rendered academic by the conclusions reached in our disposal of the main question, we may say, in passing, that it appears that the petitioner had a complete and adequate remedy at law; and that the rights of the parties involved or affected were purely political rights not cognizable by a Court of equity.

Counsel for the respondents and the intervener make the point that the appellant, not having contested the election of a successor before the managers of election or the State Board of Canvassers, is bound by their decision. We do not think this contention is sound. The appellant, standing upon what he thought to be his constitutional rights, namely, that he had been elected in 1930 for a term of four years, declined to enter the primary. In the circumstances, he was not called upon, in order to protect his rights in the premises, to make any contest before the managers of election or the State Board of Canvassers. The cases cited by counsel are not in point, for the reason that in those cases the parties who failed to invoke the statutory remedy provided had participated in the election. In the case at bar, the attempt of the appellant to obtain an injunction to prevent the holding of a primary for the office of Clerk of

Court was not, we think, such an act on his part as required him, to save himself harmless, thereafter to contest or protest the nomination or election of any candidate.

For the reasons herein stated, the order appealed from is affirmed. We also adjudge title to the office of Clerk of Court of Darlington County to be in the intervener, J. A. McLeod, and that he is entitled to immediate possession of such office.

And it is so ordered.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE BONHAM concur.

MR. JUSTICE CARTER (dissenting) : Not being able to agree with the conclusion reached in the leading opinion in this case, I am impelled to dissent, and shall, in a brief way, state my reasons therefor.

The purpose of the suit and the facts involved are stated in the leading opinion and, therefore, need not be restated here, except such as may be necessary to call attention to the dates the parties referred to assumed the duties of the office involved, that is, the office of the Clerk of Court for Darlington County.

The late J. Hart Coker was elected to this office at the general election in the year 1928, and soon thereafter assumed the duties of the office, with the right to hold the same for a term of four years. Mr. Coker died in the year 1930, the exact date not being given in counsels' agreed statement of facts, but his death occurred some time before the general election of that year, which was held in November. Shortly after the death of Mr. Coker the Governor appointed Miss Blanche Law to fill the said office, such appointment to be effective, it seems, until the next general election to be held in November of that year, 1930. At this election the petitioner, J. E. Cannon, as the nominee for said office in the Democratic primary, was duly elected as such officer, that is, Clerk of Court for Darlington County. Mr. Cannon soon thereafter qualified and was duly commissioned by the Gov-

ernor as such officer "and since then has been exercising the functions of the office." It is the contention of Mr. Cannon that under the provisions of the Constitution of 1895 he was elected to said office for a period of four years, and for that reason did not enter the Democratic primary, nor the general election held in 1932, contending that his term of office does not expire until 1934. As stated in the leading opinion, Mr. McLeod entered the Democratic primary of 1932, and being declared the nominee for said office in the said primary entered the general election held in November, 1932, and was declared duly elected to the said office in said election, and thereafter was commissioned by the Governor. Mr. McLeod contends that he is entitled to the office but that he cannot enter upon the duties of the same for the reason that Mr. Cannon is still in charge and functioning as such officer.

The section of the Constitution upon which Mr. Cannon, the petitioner-appellant, relies is Article 5, § 27, Constitution of 1895, which reads as follows:

"*Clerk of Court.*—There shall be elected in each county, by the electors thereof, one Clerk for the Court of Common Pleas, who shall hold his office for the term of four years, and until his successor shall be elected and qualified. He shall, by virtue of his office, be Clerk of all other Courts of record held therein, but the General Assembly may provide by law for the election of a Clerk, with a like term of office, for each or any other of the Courts of record, and may authorize the Judge of the Probate Court to perform the duties of Clerk for his Court under such regulations as the General Assembly may direct. Clerks of Courts shall be removable for such cause and in such manner as shall be prescribed by law."

Under this provision of the Constitution, when one is elected to the office of the Clerk of Court, at a duly authorized general election of this State, such person is elected for a term of four years; and this is true regardless of statutory

law enacted since the adoption of the Constitution. In this connection see the case of *Wright v. Charles,* 4 S. C., 178, and subsequent cases, in which this case is cited with approval. Further, in this connection it may be stated that the provision of the Constitution, regarding the term of office of the Clerk of Court, of force at the time of the decision in the *Charles case,* was to the same effect as the section of the 1895 Constitution, quoted above. But it seems to be the position of the respondents that Mr. Cannon was not elected for a term of four years at the general election held in 1930, upon the ground that said election, so far as the Clerk of Court is concerned, was invalid and a nullity, and that, therefore, Mr. Cannon had no right to hold the said office for any period at all. This contention seems to be based on a statute enacted in 1889, appearing in 1932 Code as Section 2350, wherein it is provided, in effect, that there shall be an election held every four years for the election of a Clerk of Court, reckoning from the year 1888. That section reads as follows:

*"General Election for County Officers—When Held.—* There shall be a general election for the following county officers, to wit: county supervisors and county superintendents of education held in each county at every general election for members of the House of Representatives, except in those counties in which the term of office of the county superintendent of education and county supervisor is four years; and for the election of sheriff, coroner and Clerk of the Court of Common Pleas, at every alternate general election, reckoning from the year one thousand eight hundred and eighty-eight, except as to the counties of Berkeley and Cherokee, and except for sheriff and coroner in Hampton County. The Probate Judge in every county, and the Clerk of Court in Berkeley and Cherokee Counties, and the sheriff and coroner in Berkeley, Cherokee and Hampton Counties, shall be elected at every alternate general election, reckoning from the year one thousand eight hundred and ninety."

It is also provided in Section 3577 of the Code of 1932 for an election of the Clerk of Court of Common Pleas at each alternate general election, reckoning from the election in the year 1888. Relying on this provision respondents contend that there could be no election for Clerk of Court for the County of Darlington until 1932, and that the election in 1930 was, therefore, in so far as the said office was concerned, a nullity.

Four years after the adoption of the Constitution of 1895 another Act was passed regarding the election of the Clerk of Court, which Act may be referred to as the Act of 1899, appearing in the 1932 Code, Vol. 2, as Section 2351, and attention is directed to the same, which reads as follows:

*"Vacancy in County Offices—How Filled.*—In the event of a vacancy at any time in any of the offices of any county of the State, whether from death, resignation, disqualification, refusal or neglect to qualify of the person elected or appointed thereto, expiration of the term of office, removal from the county or from any other cause, the Governor shall have full power to appoint some suitable person, who shall be an elector of the county, and, upon duly qualifying according to law, shall be entitled to enter upon and hold the office to which he has been appointed if it be an elective office, until the next general election, when an election shall be held to fill the unexpired term, and the officer so appointed or elected shall hold said office for the term of said election or appointment, and until his successor shall qualify; and if it be an office which was filled originally by appointment, until the adjournment of the General Assembly at the regular session next after such appointment; and shall be subject to all the duties and liabilities incident to said office during the term of his service therein."

As I understand the position of respondents, it is their contention that this Act is unconstitutional, upon the ground that it contains a provision which was intended to fix the

term of office, under the conditions named in the Act, for a period of time less than four years, in contravention to the provision of the Constitution above referred to, and that, therefore, there was no authority for holding the general election held in November, 1930, that is, in so far as the office in question was involved. On the other hand, Mr. Cannon, the petitioner-appellant, contends that that portion of the Act which would under the conditions named in the Act limit the term of office to the next general election, that is, for the unexpired term, which in the case at bar would mean two years, should be eliminated, and the remainder of the Act remain of full force and effect, since it would then not be in contravention of the provision of the Constitution above referred to, Article 5, § 27, which fixes the term of office of the Clerk of Court for four years. Even if it be granted, as contended by those opposed to the view herein expressed, that it was the intention of the Legislature passing the Act under consideration to limit the term of the office to less than four years, that would, in my opinion, under the conditions named in the Act, and under the facts involved in the case at bar, not be sufficient reason for declaring the Act unconstitutional, when it appears that the objectionable feature of the Act can be eliminated without doing violence to the real purpose of the Act, namely, to provide for filling the office in case of a vacancy occurring before the end of the term. Fixing the length of the term of the office in question, was not in my opinion, the primary purpose of the Act. In enacting the provisions of the law contained in this Act (the Act of 1899) the Legislature evidently had in mind, as its chief and primary purpose, making provision for filling the vacancy caused in the manner named in the Act, for the Constitution makes no provision for filling the vacancy. The Act providing for filling a vacancy, of force at the time of the decision of the case of *Wright v. Charles, supra,* contains, in effect, the same provisions contained in the Act of 1899, now under consideration, except that the

latter contains the additional provisions which would limit the term of office to the next general election, or for the unexpired term of the deceased officer. This provision in the Act, of course, cannot stand, for the reason that the Constitution specifically states that the person elected shall hold his office for the term of four years, and until his successor shall be elected and qualified, but certainly it does not follow that the other provisions in the Act are in contravention of the Constitution, and, in my opinion, the Act should not be declared unconstitutional, and I think that the provisions contained therein, providing for holding an election for the election of the Clerk of Court at the next general election, when a vacancy occurs in the manner named in the Act, should remain in full force and effect. Therefore, in my opinion, Mr. Cannon is entitled to hold the office in question for the term of four years, reckoning from his election in the general election in 1930, and until his successor is elected and qualified.

In support of the views herein expressed attention is called to the case of *Wright v. Charles, supra,* also, to the case of *Reister v. Hemphill,* 2 S. C., 325, and to all of the other cases cited or referred to in the leading opinion. I wish to state, further, that in reaching the conclusion herein expressed I have kept in mind the general rules that should govern in declaring an Act unconstitutional, and, in this connection, call attention to the fact that, for many decades, officers, as well as the bar of the State, have been governed by the rule expressed by this Court in the case of *Wright v. Charles,* and that since the enactment of the Act of 1899, more than thirty years ago, the same practice has governed. To sustain the constitutionality of the 1899 Act, eliminating the provision which would change the length of the term of office, would, in my opinion, not violate the rules and principles recognized by this Court in determining such questions, and would not defeat the primary purpose the legislative body had in mind when the statute was enacted.

I therefore think that Mr. Cannon, the petitioner-appellant, is entitled to hold the office in question for a period of four years, reckoning from the election in 1930, and until his successor is elected and qualified.

### Order on Petition for Rehearing

*Per curiam.*

Because of the importance of the question involved and the earnestness with which it has been argued, we have most carefully considered appellant's lengthy petition for a rehearing.

It is urged that the Court, in its opinion heretofore filed, decided certain questions not presented below or in argument of counsel here. There is no merit in the position. We were asked by petition of all interested parties to adjudicate the conflicting claims of the appellant and McLeod as intervener, and to declare who was entitled to the office. To do so, it was necessary to decide the questions passed upon in the opinion.

In his petition for a rehearing, appellant urges for the first time that if an election held under the provisions of Section 2351 of the Code of 1932 is a nullity, his election in 1930 is nevertheless valid, because expressly authorized under the terms of Section 2298, which is as follows: "General elections for Federal, State and county officers in this State shall be held on the first Tuesday following the first Monday in November, one thousand eight hundred and ninety-six, and in every second year thereafter, and at such voting places as have been or may be established by law; and all general or special elections held pursuant to the Constitution of the State shall be regulated and conducted according to the rules, principles and provisions herein prescribed."

It is clear, from a reading of this section, that its provisions have no application to elections for officers whose terms of office are fixed by the Constitution at four years.

The petition is dismissed and the order staying the remittitur revoked.