14930

PRIVETTE v. GRINNELL

(4 S. E. (2d), 305)

May, 1939.

Order of Judge Lide follows:

The late J. Hart Coker was regularly elected sheriff of Darlington County for the term of four years at the general election held in the year 1936. He died on or about the 19th day of January, 1938, and C. A. Grinnell, the defendant above named, was appointed by the Governor to fill the vacancy so created.

The plaintiff above named, J. Peele Privette, was nominated for the office of sheriff of Darlington County at the Democratic primary held in the year 1938, and was declared elected to this office at the general election held in 1938. The Governor issued a commission to him dated December 30, 1938, and this action was brought to try the title to the office, under the provisions of the Code providing for such an action in lieu of the former proceeding of *quo warranto*; the plaintiff contending that by virtue of his election in 1938, he is entitled to the office, and that defendant's appointment thereto extended only until the next biennial general election held in 1938; while the contention of the defendant is that

his appointment extends until the next general election for county sheriffs which will not occur until 1940.

The case comes before me upon an order to show cause issued by Honorable E. C. Dennis, Judge of Fourth Circuit, this order being returnable before me by reason of the disqualification of Judge Dennis. The order required the defendant to show cause why an order should not be made adjudicating that *prima facie* the plaintiff is the duly elected and qualified sheriff of Darlington County, and as such entitled to the possession of the office, etc. The defendant filed a return to the order, and the case was fully argued before me by counsel for the respective parties at my chambers at Marion, on April 15, 1939, and taken under advisement.

The facts involved in the controversy are wholly undisputed, and consequently the decision of the Court depends upon the construction of the constitutional and statutory provisions of the law applicable to the office of sheriff of Darlington County.

The office of sheriff is a constitutional office, and it is provided in Section 30, Article V, of the Constitution, that the qualified electors of each county shall elect a sheriff for a term of four years and until his successor is elected and qualified. But the Constitution makes no provision whatever for the filling of a vacancy, nor does it prescribe any time for the election of sheriffs. Hence it follows that these matters are within the legislative power and discretion. *State ex rel. Anderson v. Sims,* 18 S. C., 460; *Reister v. Hemphill,* 2 S. C., 325.

Section 2350, Code 1932, provides that there shall be an election for the office of sheriff at every alternate general election, reckoning from the year 1888, except as to the counties of Berkeley, Cherokee and Hampton.

Section 3473, Code 1932, provides that there shall be an election for sheriff held in each county, except in the counties of Berkeley, Cherokee and Hampton, at the general election in 1904, and on the same day in every fourth year thereafter. It will thus be seen that Sections 2350 and 3473 are identical

in result, and that under either of them the prescribed time for the election of sheriff in Darlington County will be at the general election in 1940.

Section 3474, Code 1932, is as follows: "In the event that a vacancy shall, at any time, occur in the office of sheriff in any county of this State, whether from death, resignation, disqualification, or other cause, the Governor shall have full power to appoint some suitable person, who shall be an elector of such county, and who, upon duly qualifying, according to law, shall be entitled to enter upon and hold the office until the next general election for county sheriffs, and shall be subject to all of the duties and liabilities incident to said officer, during the term of his service in said office."

The provisions of this section as well as of those of the immediately preceding Section 3473, appear to be expressed in plain and unequivocal language and have been embodied in the law of this State in the same form as they now are for a long period of time. Civil Code, 1902, Vol. I, Sections 820, 821; Civil Code 1912, Vol. I, Sections 1136, 1137, and Civil Code 1922, Vol. III, Sections 2022, 2023.

The foregoing statutory provisions of the law clearly indicate to my mind that it was the definite intention of the General Assembly that an appointee of the Governor to fill a vacancy in the office of sheriff would be entitled to hold the office until the next general election "for county sheriffs," the time for such election being clearly stated in Section 3473, as well as in Section 2350. Since the first general election for the office of county sheriff in the County of Darlington since Mr. Coker's death will be in the year 1940, unless the provisions of the statutes are not to be taken at their face value, the question here under consideration would hardly be deemed difficult of solution.

However, counsel for the plaintiff have argued with great skill and ability that upon a construction of all the statutory provisions relating to the filling of official vacancies, in the light of the decisions of the Supreme Court, an appointee of the Governor to fill a vacancy in the office of sheriff ex-

tends only to the next succeeding biennial general election, and hence I have endeavored to give very careful and somewhat extended consideration to the various statutory provisions and Supreme Court decisions which have been cited.

It seems to me that the confusion which has arisen in reference to this general subject is due in large measure to the stipulations of Section 2351, Code 1932, which are to the effect that in the event of a vacancy at any time in the offices of any county of the State the Governor shall have full power to appoint some person to fill the vacancy, who shall be entitled to enter upon and hold the office "until the next general election, when an election shall be held to fill the unexpired term." If literal effect should be given to these words, as applied to the office of sheriff in Darlington County, there would have been an election in 1938, not, however, for the term of four years, as provided by the Constitution, but for the unexpired term of two years. The constitutionality of such a provision would seem to be manifest, and it was so held in the case of *Cannon v. Sligh*, 170 S. C., 45, 169 S. E., 712, which curiously enough involved the office of Clerk of Court for Darlington County, a county office included within the terms of Section 2351. It was earnestly contended in that case that even if so much of Section 2351 as provided for an election to fill the unexpired term is unconstitutional, the unconstitutional portion might be severed from the remainder so as to permit an election thereunder for the full term, but the Court upon consideration declined so to hold, and on the contrary adjudged that the section was invalid both as to the term of office and the election therein provided for.

But further discussion as to this particular phase of the matter is unnecessary in view of the recent decision in the case of *Limehouse v. Blackwell*, 190 S. C., 122, 2 S. E. (2d), 483, 485, filed April 10, 1939, involving the office of Clerk of Court for Charleston County, in which will be found in both the leading and dissenting opinions virtually all that may be said on either side of this controversy,

luminously and interestingly expressed. I quote the following from the majority opinion delivered by Mr. Justice Fishburne: "Hence, it is clear, Section 2351 being invalid both as to the term of office and the election therein provided for, that no authority of law remains for any election of clerk except under Sections 2350 and 3577 of the Code providing for elections 'at every alternate general election, reckoning from the year one thousand eight hundred and eighty-eight.' This being true, there was and is no authority of law for any election for Clerk of Court in Charleston County until 1940, and the attempted election in 1938 was null and void."

Paraphrasing the foregoing paragraph, it seems to me it is clear Section 2351 being invalid both as to the term of office and the election therein provided for, that no authority of law remains for any election of sheriff in Darlington County except under Sections 2350 and 3473 of the Code providing for elections at every alternate general election reckoning from the year 1888 (or from the year 1904). This being true, there was and is no authority of law for any election of sheriff in Darlington County until 1940, and the attempted election in 1938 was null and void.

Counsel for the plaintiff cited another section of the Code, to wit, Section 3094, which provides that the Governor shall appoint in case of a vacancy in a county office some person to fill the vacancy, who shall hold the office "until the next general election"; and it is insisted that this means the next biennial general election, whether sheriffs are regularly elected at that time or not.

In the case of *State ex rel. Wolfe v. Sanders*, 118 S. C., 498, 110 S. E., 808, the Court held that the sections which are now incorporated in the 1932 Code as 3094 and 3474 should be construed together, but the point now under consideration was not involved. It is quite true that they should be construed together so that both may be given effect, and I think that under the well-established principles of statutory construction there is no con-

flict, and that the phrase, "next general election," in Section 3094, as applied to the office of sheriff for Darlington County, is merely definitized by the additional words, "for county sheriffs," in Section 3474, 59 C. J., 1051, 1056.

Section 2298, Code 1932, was also cited by counsel for the plaintiff, but a mere reading of this section will show that it does no more than fix the time for the holding of the biennial general election and is obviously inapplicable to the office of sheriff, the term of which is fixed by the Constitution at four years. Indeed, this matter was disposed of by the Supreme Court on the petition for rehearing in the case of *Cannon v. Sligh, supra,* where the Court says (170 S. C., 45, 169 S. E., 718) : "It is clear, from a reading of this section, that its provisions have no application to elections for officers whose terms of office are fixed by the Constitution at four years."

My conclusion is that no sound distinction can be drawn between the case at bar and the case of *Limehouse v. Blackwell, supra.* Indeed, it might well be said that the intention of the General Assembly has been more definitely stated with reference to the office of sheriff than any other office, because of the insertion of the words "for county sheriffs" in Section 3474, although it is argued by counsel for the plaintiff in their reply brief that these words are to be attributed to the codifiers. At all events they were duly enacted and repeatedly reenacted as a part of the statutory law of the State.

It follows that it is my opinion that the defendant, C. A. Grinnell, is entitled to hold the office of sheriff for Darlington County until the general election in the year 1940, and that the plaintiff, J. Peele Privette, has no right, title or interest in such office. It is, therefore, ordered, that the return of the defendant to the order to show cause herein, dated March 10, 1939, and issued by Honorable E. C. Dennis, Judge of Fourth Circuit, be, and the same is hereby, adjudged to be sufficient, and that the order to show cause aforesaid be, and the same is hereby, discharged.

*Messrs. Samuel Want, James S. Verner* and *Sam Rogol,* for appellant,

*Messrs. Dargan & Paulling,* for respondent,

August 1, 1939.

The opinion of the Court was delivered by Mr. Justice Bonham.

The issue involved in this case is thus stated by the appellant: "When a vacancy occurs in the office of county sheriff in 1938, as the result of the death of the incumbent of the office, and where, in such a case, the Governor makes an appointment, can an election for the office be held at the general election in 1938; or does the appointee hold until the general election of 1940?"

A similar question arose and was decided in the case of *Limehouse v. Blackwell,* 190 S. C., 122, 2 S. E. (2d), 483. In that case the issue involved the title to the office of Clerk of Court of Common Pleas for Charleston County, but the point of law involved was identical with that involved in this case. The writer of this opinion was the writer of what was intended to be the main opinion in that case, which was in sympathy and analogy with legal views and contentions of the appellant here; however, the majority of the Court did not concur in it and, hence, it became the dissenting opinion.

The order of his Honor Judge Lide is in accord with the views expressed and decided by the *Limehouse v. Blackwell case,* and will of course meet the approval of the majority of the Court, and such action is binding on me. It would be an idle gesture for me to restate my view as set forth in the *Limehouse case.*

Therefore, the order of Judge Lide must be affirmed. Let it be reported as the opinion of this Court.

MR. CHIEF JUSTICE STABLER, MR. JUSTICE FISHBURNE and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER concur.

MR. JUSTICE BAKER did not participate.

MR. JUSTICE CARTER did not participate on account of illness.