## 9250

### STATE *EX REL.* HUCKABEE v. HOUGH.

#### (87 S. E. 436.)

CONSTITUTIONAL LAW. PUBLIC OFFICERS. SHERIFFS. SUSPENSION. VACANCIES. APPOINTMENTS.

1. CONSTITUTIONAL LAW — PUBLIC OFFICERS. — When the Constitution creates an office, fixes its term, and prescribes the mode of filling it, the legislature cannot abolish the office, vary the term, prescribe a different mode of filling it, remove or suspend the officer, unless authority for such action can be found in the Constitution.

2. CONSTITUTIONAL LAW—PUBLIC OFFICERS.—Const., art III, sec. 27, providing for the removal of officers in certain specified cases, gives the legislature by implication the power to provide for the temporarily filling a vacancy so created, until the office can be filled in the manner prescribed by the Constitution.

3. CONSTITUTION—PUBLIC OFFICERS.—Const., art. IV, sec. 22, providing for the suspension of certain officers in specified cases, negatives the exercise of such power upon any constitutional officer for any other offense or under any other circumstances, unless otherwise provided

in the Constitution or statute enacted to provide the manner of removal under art. III, sec. 27.

4. CONSTITUTIONAL LAW—PUBLIC OFFICERS—SHERIFFS.—Criminal Code, sec. 841, is unconstitutional in so far as it attempts to authorize the indefinite suspension, in effect a removal, of a sheriff, whose mode of election and term of office is prescribed by the Constitution, before trial and conviction in the manner prescribed by Crim. Code, sec. —, or other statute enacted under Const., art III, sec. 27.

5. SHERIFFS AND CONSTABLES—SUSPENSION—STATUTE.—Const., art. V, sec. 30, provides that the qualified electors of each county shall elect a sheriff for the term of four years. Article III, sec. 27, provides that officers shall be removed for incapacity, misconduct, or neglect of duty in such manner as provided by law, when no mode of trial or removal is provided in the Constitution. Article IV, sec. 22, provides that the Governor, upon affidavit that any officer who has the custody of public or trust funds is probably guilty of embezzlement, shall direct his immediate prosecution, and upon true bill found shall suspend him and appoint one in his stead until he shall have been acquitted, and that in case of conviction the office shall be declared vacant and the vacancy filled as may be provided by law. Cr. Code 1912, sec. 841, provides that any sheriff who shall neglect or refuse to perform the duties required by the chapter relating to the sale of intoxicants shall be subject to suspension by the Governor. *Held,* that the section was unconstitutional, since, when the Constitution creates an office, fixing its term and prescribing the mode of filling it, the legislature is without power to abolish the office, vary the term, or suspend or remove the officer, while the specification by the Constitution of the circumstances under which the Governor may suspend officers clearly negatives that it was intended that he should exercise the power otherwise than provided.

6. OFFICERS—OFFICE OF LEGISLATIVE CREATION—CONTROL BY LEGISLATURE.—Officers holding offices created by the legislature are subject to the legislative will, since the power that creates an office can impose such limitations and conditions upon the manner of filling it, the tenure, and the exercise of its duties as its wisdom may dictate, and may modify or abolish any of them, or the office itself, so long as no constitutional provision is contravened.

7. OFFICERS—SUSPENSION AND REMOVAL BY GOVERNOR.—The Governor can neither appoint to office nor suspend or remove from office, unless the power to do so is conferred upon him by the Constitution or statute.

8. SHERIFFS AND CONSTABLES—SUSPENSION AND REMOVAL BY GOVERNOR.—The only power of the Governor to remove a sheriff is after trial and conviction in the manner prescribed by the statutes enacted under Const., art. III, sec. 27, providing that officers shall be removed for incapacity, misconduct, or neglect of duty in such manner as may be

provided by law, when no mode of trial or removal is provided in the Constitution.

9. PUBLIC OFFICERS—SUSPENSION AND REMOVAL.—A suspension is the temporary withdrawal of the power to exercise the duties of an office; a removal is a complete and final deprivation of official tenure.

10. CONSTITUTIONAL LAW—PUBLIC OFFICERS—VACANCY—APPOINTMENT.— A suspension from office creates no vacancy which may be filled by appointment.

IN THE ORIGINAL JURISDICTION.

Petition on the relation of W. W. Huckabee against Isaac C. Hough, in the nature of *quo warranto,* to determine title to the office of sheriff of Kershaw county. The facts are stated in the opinion.

*Mr. R. H. Welch,* for petitioner, submits: *There is no inherent power of appointment in Governor:* 92 S. C. 395; 89 S. C. 113; 111 S. W. 990; Throop. Pub. Off., sec. 362; 8 Cyc. 857. Civil Code, secs. 695 and 1137 *limit it to fill vacancies. Suspension creates no vacancy:* Throop. Pub. Off., p. 395, sec. 404; Mechem. Pub. Off., p. 286, par. 453; 29 Cyc. 1405 (3); 113 N. Y. 416; 92 S. C. 486; Const., art. IV, sec. 22; Crim. Code, sec. 346; 92 S. C. 462; *Ib.* 481, 483. *Power to remove does not include power to suspend:* Throop. & Mechem, *supra;* 113 N. Y. 416; 21 N. E. 119; 28 N. E. 19. *The power to remove is conditioned:* 30 Va. 24; 32 Am. Rep. 644; 52 Ala. 383; 7 S. D. 319; 72 Tex. 625; 10 S. W. 739; 19 Neb. 444; 92 S. C. 483; 53 S. C. 172.

*Messrs. Kirkland & Kirkland* and *L. T. Mills,* for respondent, submit: *The suspension was authorized by* Crim.

FOOTNOTE.—Failure to enforce laws as ground for removal of public officer, see notes 29 A. & E. Ann. Cas. 1913d, 32; 50 L. R. A. (N. S.) 841; *Ib.* 912 to 919. Right of appointing power to remove officer when term of office is fixed. 32 A. & E. Ann. Cas. 914b, 524; 15 L. R. A. 95 to 99. Right of public officer holding for fixed term to notice and hearing before removal for cause. 29 A. & E. Ann. Cas. 1913d, 1209. Proceedings for removal as civil or criminal in nature. A. & E. Ann. Cas. 1915b, 1145.

Code, secs. 840 and 841; Const., art. III, sec. 27; 76 S. C. 385; 92 S. C. 469; 134 Ga. 224; Throop. Pub. Officers, sec. 402; Crim. Code 534, 538, 545, 546, 552, 560, 585, 834, 841; 118 Ala. 154; 41 Kan. 122; 13 Am. St. Rep. 269; 46 N. E. 507; 103 Pac. 674. *Suspension removal pro tanto:* 21 Atl. 492; 53 N. J. L. 311; 103 Pac. 674; *and vacancy may be filled by appointment:* Civil Code, secs. 695, 1137.

December 20, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The petitioner, W. W. Huckabee, was elected sheriff of Kershaw county at the general election, on November 5, 1912, and was commissioned on January 1, 1913, for a term of four years. On April 20, 1915, after notice and a hearing, his Excellency, the Governor, found, from the evidence adduced at the hearing, that said sheriff had neglected and refused to enforce the law regulating the sale of intoxicating liquors in his county, and suspended him from office, until the end of his present term.

On June 25, 1915, the Governor appointed and commissioned the defendant, Hough, as sheriff of said county, in place of petitioner. This action was brought to test the legality of Huckabee's suspension, as well as the right of Hough to perform the duties of the office.

The action of the Governor was based on section 841 of the Criminal Code, which reads: "Any constable, deputy constable, sheriff or magistrate, who shall neglect or refuse to perform the duties required by this chapter, shall be subject to suspension by the Governor." Petitioner contends that, in so far as this section confers upon the Governor power to suspend a sheriff, it is unconstitutional. If that be so, the suspension was without authority of law and cannot be sustained, unless it can be referred to some other power vested in the chief executive.

The office of sheriff was created by the Constitution which provides (art V, sec. 30) that "the qualified electors of each county · shall elect a sheriff * * * for the term of four years," etc.  When the Constitution creates an office and fixes the term thereof and prescribes the mode of filling it, the legislature is without power to abolish the office, or vary the term thereof, or prescribe a different mode of filling it, or remove or suspend the officer, unless authority for such action can be found in the Constitution. *Ex parte Gibbes,* 1 DeS. 587; *Reister* v. *Hemphill,* 2 S. C. 335; *Wright* v. *Charles,* 4 S. C. 178; *Whipper* v. *Réed,* 9 S. C. 5; *Whitmire* v. *Langston,* 11 S. C. 181; *McCoy* v. *Curtis,* 14 S. C. 367; *Simpson* v. *Willard,* 14 S. C. 191; *Smith* v. *McConnell,* 44 S. C. 491, 22 S. E. 721; *McDowell* v. *Burnett,* 92 S. C. 469, 75 S. E. 873.

The minds of the framers of the Constitution evidently adverted to the principle above stated, and the consequent importance of providing therein for the removal and suspension of unfaithful officers.  It is equally certain that they had in mind the material difference between the removal and suspension of officers, because they provided for both, and safeguarded both by express limitations and restrictions.

Section 27 of article III, reads: "Officers shall be removed for incapacity, misconduct or neglect of duty, in such manner as may be provided by law, when no mode of trial or removal is provided in this Constitution."  The power here given to provide for the removal of officers for the causes specified carries with it, by implication, power to provide for the temporary filling of a vacancy so created by appointment or otherwise, until the office can, in due and regular course, be filled in the manner prescribed by the Constitution, unless it is otherwise provided in the Constitution because it would not be reasonable to conclude that it was intended that the office should remain vacant.  *State* v. *Bowden,* 92 S. C. 393, 75 S. E. 866.  It

also carries with it the power to provide the *manner* of removal, which includes the power of providing for a temporary suspension as a step in and incident to the exercise of the power of removal; so that, provision may be made for the temporary suspension of officers, pending a hearing or trial upon the result of which the exercise of the power of removal would depend. In such case, the suspension might, on account of the circumstances of the particular case, extend to the end of the term; but it would, nevertheless, be suspension, and the legal consequences of suspension, whether more or less favorable to the suspended officer, would ensue. *McDowell* v. *Burnett, supra.*

Section 22 of article IV reads: "Whenever it shall be brought to the notice of the Governor by affidavit that any officer who has the custody of public or trust funds is probably guilty of embezzlement or the appropriation of public or trust funds to private use, then the Governor shall direct his immediate prosecution by the proper officer, and, upon true bill found, the Governor shall suspend such officer and appoint one in his stead, until he shall have been acquitted by the verdict of a jury. In case of conviction, the office shall be declared vacant and the vacancy filled as may be provided by law." This is the only general provision in the Constitution which confers upon the Governor the power of suspending officers. It will be noted that it is hedged about with much greater restrictions than the power of removal, both as to the number and nature of the offenses and as to the circumstances and conditions under which the power may be exercised. Having entered upon that realm, the naming of one offense and specifying the circumstances and conditions under which the Governor may suspend officers for that offense, clearly negatives the idea that it was intended that he should exercise the power upon any constitutional officer for any other offense or under any other circumstances, unless otherwise provided in the Constitution or a statute enacted under the power to

provide the manner of removal as hereinbefore indicated. The maxim, *expressio unius est exclusio alterius,* applies in such cases.    In *McMillan* v. *Bullock,* 53 S. C. 161, 31 S. E. 860, in construing this same provision of the Constitution, the Court said : "It need not be enlarged upon that when the Constitution of the State provides a plan for getting rid of an unworthy officer, that plan supersedes all others for that purpose; and not only so, but the requirements of the Constitution must be strictly complied with.    Whenever the Constitution provides that one certain criminal offense shall be held to forfeit an office, it is tantamount to the declaration that no other offense or crime shall fall within the remedy prescribed in the section of the Constitution under consideration."    Upon reason and authority, therefore, we are obliged to conclude that the legislature was without power to authorize the indefinite suspension of a sheriff for neglect of official duty, and that, in so far as section 841, *supra,* relates to that office, it is void, and affords no authority for the suspension of the petitioner.

We next inquire whether the suspension can be sustained by referring it to any other power vested in the Governor. In *State* v. *Bowden, supra,* it was settled that the power of appointing to office is not a prerogative of the Governor's office.    As corollary to that decision, it was held in *State* v. *Rhame,* 92 S. C. 455, 75 S. E. 881, Ann. Cas. 1914b, 519, and *McDowell* v. *Burnett, supra,* that the power of removal or suspension from office is not an inherent function of the chief executive.    It follows, as a result of those decisions, that the Governor can neither appoint to office nor suspend nor remove from office, unless the power to do so is conferred upon him by the Constitution or statutes.    It is also pointed out in those cases under what circumstances the power to remove or suspend will be implied from the power to appoint.

What is here said must be taken as especially applicable to constitutional officers.    Those holding offices created by the

legislature hold them subject to the legislative will. The power that creates an office can impose such limitations and conditions upon the manner of filling it, and the tenure, and the exercise of the duties of the office, and may modify or abolish any of these or the office itself, as its wisdom may dictate, when no provision of the Constitution is contravened in doing so. *State v. Rhame, supra; Lillard v. Melton,* 103 S. C. 10, 87 S. E. 421.

In *McDowell v. Burnett,* the difference between suspension and removal of officers was pointed out: "One is the mere temporary withdrawal of the power to exercise the duties of an office; the other is a complete and final deprivation of official tenure." In that case and also in *State v. Rhame,* it was held that the conferring of the power of suspension impliedly denies the power of removal. The two things are essentially different, and are attended by different consequences, both to the officer and to the public. Removal creates a vacancy in the office which may be filled at once in the manner prescribed by law; suspension creates no vacancy, and where there is no provision of law for some other to perform the duties of the office by temporary appointment, or otherwise, we would have an office and an officer, but no one to discharge the duties of the office, to the great inconvenience of the public for whose benefit the office was created. Hence, the reason is apparent why the framers of the Constitution placed greater limitations and restrictions upon the power of suspension than they did upon the power of removal, and why, in the general grant of the power of suspension and also, in the special cases in which it is allowed, they made suitable provision for the performance of the duties of the office by some other officer, or by a temporary appointee, during the suspension.

In the case before us the statute attempts to authorize indefinite suspension—not temporary suspension as a step in and incident to removal; and it makes no provision for

the  performance  of  the  duties  of  the  office  during
the  suspension.    As  we  have  seen,  the  Governor  is
without  power  to  appoint  any  one  to  discharge  the
duties  of  the  office  in  the  place  of  a  sheriff  who  is  merely
suspended.    While  the  suspension  until  the  end  of  the  term
is  in  practical  effect  a  removal,  it  cannot  be  allowed  that
effect  in  law,  because  the  Governor  has  no  power  under  this
statute  to  remove  a  sheriff;  and  under  no  other  statute  which
we  have  been  able  to  find  has  he  power  to  remove  a  sheriff,
until  after  trial  and  conviction  in  the  manner  prescribed  by
the  statutes  which  have  been  enacted  under  and  in  pursuance
of  the  authority  conferred  upon  the  legislature  by  section  27
of  article  III  of  the  Constitution  above  quoted.

The  result  is  that  the  Governor  had  no  power  to  suspend
or  remove  the  petitioner,  or  to  appoint  the  defendant  in  his
place.

The  judgment  of  this  Court  is  that  the  attempted  suspen-
sion  of  the  petitioner and  the appointment  of  the  defendant,
Hough,  in  his  place  were  without  authority  of  law  and  of  no
effect,  and  that  the  petitioner  is  entitled  to  exercise  the  duties
of  his  office  as  sheriff  of  Kershaw  county. ·