14515

WARD v. WATERS
TURNER v. CARTER

(192 S. E., 410)

April, 1937.

*Messrs. C. T. McDonald* and *Troy T. Stokes,* for appellant, cite:

*Messrs. McEachin & Townsend* and *G. Badger Baker,* for respondents, cite:

July 15, 1937.

*Per curiam.*

These two cases are identical as to the issues involved, and it is agreed that a decision of one of them will also dispose of the other. The facts are not in dispute, and are sufficiently stated by Judge Stoll in his order, which will be reported. A study of the record convinces us that the Circuit Judge reached a correct conclusion, and we approve the result of his decree.

From a reading of the pertinent statutes (Acts March 28, 1931, and April 6, 1932, 37 St. at Large, pp. 199 and 1440; Act May 18, 1935, 39 St. at Large p. 440), it is clear that the office about which this controversy arose is undoubtedly an *appointive* and not an *elective* one, and it was properly so held. The Act of 1932 (page 1440 of the Acts of that year), established a Governing Board for Florence County to consist of six members, "one from each Commission District to be appointed by the Governor upon the nomination at the Democratic Primary." Section 1.

The respondent, Waters, was duly nominated in the primary of 1934, and was thereafter appointed by the Governor, as provided by the Act of 1932, for a two-year term as a member of such Governing Board, beginning January 1, 1935. It is conceded or undisputed that the office of a member of this board is a creation of the General Assembly; and we find no restriction in the Constitution, and none has been pointed out, upon the Legislature with respect to the office thus created. In *State v. Hough,* 103 S. C., 87, 87 S. E., 436, 437, the Court had this to say: "Those holding offices created by the Legisla-

ture hold them subject to the legislative will. The power that creates an office can impose such limitations and conditions upon the manner of filling it, and the tenure and the exercise of the duties of the office, and may modify or abolish any of these, or the office itself, as its wisdom may dictate, when no provision of the Constitution is contravened in doing so."

By the Act of 1935 (page 440 of the Acts of that year), which became effective upon its approval by the Governor on May 18th, it was provided that the term of office of the members of the Governing Board should be four years from January 1, 1935, and that any vacancy occurring on such board, for any of the reasons stated in the Act, should be filled by appointment of the Governor for the unexpired term so becoming vacant, upon the recommendation of a majority of the legislative delegation of Florence County. As is seen, this Act was passed nearly five months after the respondent had been inducted into office under the 1932 Act providing for a two-year term; and by express language, it operated retroactively to fix the four-year term created by it to begin on January 1, 1935, the date which the Act of 1932 designated for the beginning of the two-year term provided by it. We think, therefore, that this express provision of the 1935 Act may be fairly construed as indicating a purpose or an intention on the part of the Legislature to enlarge or extend the term of the incumbent; that is to say, to make it four years instead of two, beginning January 1, 1935. This the Legislature could do, if it so desired. If, then, as claimed by the appellant, the respondent later resigned as such officer, it would seem unquestionably true that the Governor, as provided by the Act of 1935, could appoint him, or any one else recommended by a majority of the Legislative Delegation, to fill the unexpired four-year term made vacant by such resignation.

The order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BON-HAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate.

MR. JUSTICE BAKER disqualified.