In the Matter of Edward J. DeSaulnier, Jr.
& another (No. 1).

Suffolk.   October 13, 1971. — October 20, 1971.

Present: Tauro, C.J., Cutter, Spiegel, Reardon, Quirico,
Braucher, & Hennessey, JJ.

*Supreme Judicial Court, Jurisdiction. Judge. Attorney at Law.
Information.*

Statement of some sources of the power, authority, and jurisdiction of
the Supreme Judicial Court of Massachusetts to investigate, and to
hold hearings with respect to, allegations of misconduct or acts of
impropriety on the part of the judges of this Commonwealth.
[758–759]

This court has jurisdiction to impose appropriate discipline upon a
member of the bar of the Commonwealth for acts of misconduct or
impropriety, even though he is also a judge and therefore not
permitted to engage in the practice of law, and irrespective of
whether such acts involve his judicial conduct. [759–760]

Rules of procedure established for hearings by this court of
informations inquiring into the conduct of one or both of two
judges. [760]

Two informations filed in the Supreme Judicial Court
on October 4, 1971.

Pleas to the jurisdiction were heard by the court.

*Robert V. Mulkern* for the respondent Vincent R. Brogna.

*Walter J. Hurley* for the respondent Edward J. DeSaul-
nier, Jr.

*Edward B. Hanify,* Special Counsel (*John M. Harring-
ton, Jr.,* Special Counsel, with him).

By the Court: 1. On October 4, 1971, special counsel
(appointed by this court) filed in open court informations
relating to one or both of the respondents, each of whom
is an associate justice of the Superior Court.  On October 4,
1971, also, in open court, each respondent was directed to
file (on or before October 19, 1971,) an answer to the al-

legations contained in these informations and was notified that thereafter the matter would be set down for early hearing to establish the facts.

2. On October 7, 1971, each respondent filed a plea to the jurisdiction asserting in effect (1) that this court has no jurisdiction to remove him from his judicial office; (2) that, by the Constitution of the Commonwealth (Part II, c. 1, § 2, art. 8, and § 3, art. 6, and also c. 3, art. 1) jurisdiction to remove him from his judicial office rests either with the Senate as a court to determine impeachments or with the Governor with the consent of the Council upon address of both houses of the Legislature; and (3) that disciplinary action cannot be taken by this court against him as a member of the bar when by statute, as a judge, he is barred from the practice of law (see G. L. c. 212, § 27, as amended through St. 1969, c. 845, § 3).

3. Neither information requests any specific relief. Each information merely submits for the consideration of this court, for any appropriate action, allegations of fact which, in the aggregate, call for careful judicial inquiry and investigation and require us to ascertain whether they are true. If they are found to be true, some or all of these allegations may require action by this court in the public interest to protect the integrity and reputation of the judicial process and of judicial administration. If the allegations are found not to be true or not proved, that should be announced at an early date in the public interest and in fairness to each of the respondents.

4. We are of opinion that we have both the duty and power to make such an inquiry and to hold hearings for the purposes stated above. Other allegations may be added by amendment, and evidence admitted concerning them, as the hearings progress, (a) on the motion of special counsel; (b) on motion of either respondent; or (c) by direction of this court on its own motion. Further orders of this court may affect the direction and scope of the inquiry.

5. The power, authority, and jurisdiction of this court to make the inquiry and to hold hearings rest on at least

the following grounds, among others: (a) the inherent common law and constitutional powers of this court, as the highest constitutional court of the Commonwealth, to protect and preserve the integrity of the judicial system and to supervise the administration of justice; (b) the supervisory powers confirmed to this court by G. L. c. 211, § 3, as amended; (c) the power of this court to maintain and impose discipline with respect to the conduct of all members of the bar, either as lawyers engaged in practice or as judicial officers; and (d) the power of this court to establish and enforce rules of court for the orderly conduct (1) of officers and judges of the courts and (2) of judicial business and administration.[1] We need not now decide what other common law, equity, or inherent judicial powers and jurisdiction may exist. Determination of the precise powers, if any, to be exercised, and their scope (except as stated in par. 7, below), should await the presentation and consideration of evidence.

6. The facts developed in this inquiry may result in an order or orders affecting the respondents, or either of them, and such orders may be made pursuant to any aspect of the power, authority, and jurisdiction available to this court, as may appear to this court appropriate after hearing. Such an inquiry may also aid this court in the exercise of its power to promulgate rules concerning the conduct of the judiciary and members of the bar.

7. We now rule that this court has jurisdiction to impose appropriate discipline upon a member of the bar, who is also a judge, for misconduct or acts of impropriety, whether such acts involve his judicial conduct or other conduct. This, we hold, even though, because he is a judge, he is not permitted to engage in the practice of law. See *Matter of Ruby*, 328 Mass. 542. See also *In re Spriggs*, 36 Ariz. 262, 266–268; *Gordon* v. *Clinkscales*, 215 Ga. 843, 845–848; *Matter of Mattera*, 34 N. J. 259, 265–270; *Re Stolen*, 193 Wis.

---

[1] None of the foregoing grounds of jurisdiction has any direct or necessary relation to the assumption made in *Attorney Gen.* v. *Tufts*, 239 Mass. 458, 478 (par. 1).

602, 610–614, 619–625; anno. 53 A. L. R. 2d 305. Compare the situations discussed in *In re McGarry*, 380 Ill. 359, 363–375, and *Schoolfield* v. *Tennessee Bar Assn.* 209 Tenn. 304, 313–314. We are not persuaded by authority elsewhere to the contrary. See *Matter of Watson*, 71 Nev. 227, 230–232; *Matter of Silkman*, 88 App. Div. (N. Y.) 102, 104–106. Cf. *In re Gibbs*, 51 S. D. 464, 469–472.

8. We establish the following rules of procedure:

(a) Special counsel and each respondent (in person or by counsel) may be heard, may file pleadings, may offer evidence by witnesses, in person or by deposition, and may cross-examine witnesses called by others, all subject to the reasonable control and discretion of this court. Requests for the taking of pre-trial depositions (in addition to those already allowed) shall be made on or before October 26, 1971.

(b) Counsel appearing for any party shall be governed by usual rules and standards governing the conduct of contested matters before this court. See, however, *Matter of Welansky*, 319 Mass. 205, 207.

*Pleas to the jurisdiction overruled.*