1515

Bruce A. DRAWDY, Respondent v. TOWN OF PORT ROYAL, Appellant.
(394 S.E. (2d) 25)

Court of Appeals

*John M. Tatum, III,* of *Harvey & Battey,* Beaufort, *for appellant.*

*V.M. Manning Smith,* of *Barnes & Smith,* Beaufort, *for respondent.*

*Roy D. Bates,* of Columbia, *for Mun. Ass'n. of South Carolina, as amicus curiae.*

Heard May 15, 1990.

Decided June 18, 1990.

*Per Curiam:*

This case involves an appeal from a Writ of Mandamus directing the Town of Port Royal (Port Royal) to give Bruce A. Drawdy (Drawdy) a hearing such as is contemplated by S.C. Code Ann. § 5-13-70 (1976).

## FACTS

Bruce A. Drawdy was the City Manager of the Town of Port Royal. On June 17, 1988, the Port Royal Mayor informed Drawdy that Council had voted unanimously to terminate him. On June 22, 1988, Drawdy requested a public hearing as provided by § 5-13-70 (1976). On July 1, 1988, the Mayor wrote Drawdy a letter indicating the reasons for Drawdy's removal and scheduling a public hearing for July 20, 1988. At the public hearing Drawdy sought to question the Council about the reasons given for his dismissal. Specifically, Drawdy considered the reasons nebulous and uninformative and he asked Council for clarification. Council viewed the hearing as an opportunity for Drawdy and the public to voice opinion about Drawdy's removal, but Council saw no need for it to answer questions; choosing instead to rely on the reasons given Drawdy previously in the Mayor's letter.

Drawdy, on August 30, 1988, petitioned for a Writ of Mandamus directing Port Royal to conduct a hearing in accord with § 5-13-70.

The matter was heard by a Master-In-Equity. He interpreted § 5-13-70 to require the letter of termination "state with sufficient truth and detail the reasons for discharge." He concluded Port Royal ran afoul of § 5-13-70 by providing reasons for removal that "were so vague as to not really state the reasons." Council's failure to entertain questions at the public hearing raised doubt, according to the Master, as to the purpose of such a hearing. Port Royal appeals the Master's order. We affirm.

## DISCUSSION

This appeal focuses our attention on the following statute:

### § 5-13-70. Term of employment and compensation of manager; removal of manager by council.

The term of employment of the manager shall be at the pleasure of the council and he shall be entitled to such

compensation for his services as the council may determine. The council may, in its discretion, employ the manager for a definite term. *If the council determines to remove the manager he shall be given a written statement of the reasons alleged for the proposed removal and the right to a hearing thereon at a public meeting of the council.*

Within five days after the notice of removal is delivered to the manager, he may file with the council a written request for a public hearing. This hearing shall be held at a council meeting not earlier than twenty days nor later than thirty days after the request filed. The manager may file with the council a written reply not later than five days before the hearing. The removal shall be stayed pending the decision at the public hearing. [Emphasis added.]

This statute affords dismissed city managers two rights. One, that he be given a written statement of the reasons for his removal and two, that the reasons given be subject to a public hearing if he so chooses. Drawdy and Port Royal agree the only right directly implicated on appeal is whether Drawdy was given the written statement of the reasons for his termination as contemplated by the statute.[1]

Drawdy concedes the reasons given for his dismissal do not have to be persuasive or sound. He served "at the pleasure of the council" and could be terminated for any reason. Drawdy does, however, argue the written statement of termination must be sufficiently specific so as to apprise him, and the public if a hearing is requested, of what the actual reasons for his dismissal are.

The reasons given Drawdy for his termination were:

1. You have not been able to give your full and undivided attention to the work of the Town due to your preoccupation with personal matters, including the ethics charges brought against you.
2. You have stated that you would be leaving the Town's employment and it was determined that it was best if the termination be at the end of a fiscal year.

---

[1] Parties stipulated the hearing contemplated was more akin to a legislative hearing than a judicial or a quasi-judicial one.

3. The relationships between you and members of the Council are such that the Council has determined that it is in the best interest of the Town for a new manager to be employed.

4. It has come to the Council's attention that there has been a lack of loyalty to and criticism to others of members of the Council and their actions.

Drawdy argues these reasons were nebulous and uninformative. Port Royal contends these reasons were sufficient. Herein lies the sole issue at bar.

To effectively evaluate the sufficiency of the reasons given Drawdy, we must keep in mind the function that the reasons for termination serve. Other states, with similar statutory provisions, add the requirement that the reasons given for termination be truthful.[2] The Legislature of this state opted instead to allow displaced city managers to test the veracity of the reasons given for their termination at a public hearing.

It is undisputed that the public hearing is not a forum to review Council's decision to terminate a city manager's employment. Both Drawdy and Port Royal agree Council did not have a burden of proof at the hearing, or an obligation to find facts or reach a conclusion. The conclusion to fire Drawdy had been reached earlier; Council was under no obligation to review that decision.

Drawdy, however, did have a right to present witnesses and evidence to show the public his version of Council's reasons for his termination. To be able to present his version to the public and to Council, if they were interested, Drawdy must be given reasons of sufficient specificity. For example, the third reason given Drawdy for his termination was, in essence, we are firing you because your relationship with Council is such that you should be fired. This reason, while sufficient to fire Drawdy, lacks the specificity envisioned by the statute and, if permitted to stand, would lead to a public hearing that was perfunctory at best. The fourth reason given Drawdy for his termination was that he was disloyal to and critical of Council members. While, again, this reason is sufficient to fire Drawdy, it is not sufficiently specific so as to allow Drawdy to fashion a meaningful

---

[2] *See* 24 A.L.R. 4th 1115 (1983).

response. This reason does not indicate whom Drawdy was disloyal to, or on what occasion, or under what circumstances. It is, we hold, impossible for someone to respond to this statement given its dearth of specificity.

Port Royal takes the position that if one of the four reasons is sufficiently specific the statute has been complied with. We do not agree. Again we make a distinction between sufficiency for firing purposes and sufficiency for purposes of § 5-13-70. The sufficiency and soundness of the reasons for termination are not at issue here; merely the question of whether Port Royal apprised Drawdy of the reasons for his termination with such clarity as to allow him to respond. Given this, it is difficult to see the merit in providing a fired city manager with one specific reason for his ouster in conjunction with three vague reasons. Accordingly, we hold, to comply with § 5-13-70 Council must provide the ousted city manager with specific reasons of termination sufficient to allow him to fashion a response.

## CONCLUSION

Although a Town Council can fire its city manager at its pleasure, § 5-17-30 requires Council to inform the manager of these reasons with sufficient specificity. To allow otherwise would cause the public hearing to be perfunctory. The appealed order is, therefore, affirmed.

Affirmed.