In the Matter of James C. Tee FERGUSON,
Circuit Court Judge, Respondent.
(403 S.E. (2d) 628)

Supreme Court

April 3, 1991.

## ORDER

On March 21, 1991, respondent was indicted by the Grand Jury for the United States District Court for the District of South Carolina. Two indictments were issued charging respondent with one count of conspiracy to commit extortion and two counts of extortion under color of official right in violation of 18 U.S.C. § 1951, and one count of conspiracy to possess cocaine and five counts of intentional possession of cocaine in violation of 21 U.S.C. §§ 844(a) and 846. Based on these indictments, this Court immediately suspended respondent from office without pay and issued a rule to show cause why this suspension should not continue until resolution of the

charges in federal court. At the hearing, respondent raised several challenges to the Court's authority to suspend him.

Respondent first argues that his suspension without pay by this Court is invalid because he may only be removed from office by the Legislature pursuant to impeachment proceedings. S.C. Const. art. XV, § 1. In this case, we need not reach the question of this Court's authority to remove a circuit judge. Respondent has not been removed from office but has only been suspended. *See McDowell v. Burnett*, 92 S.C. 469, 75 S.E. 873 (1912) (suspension is the mere temporary withdrawal of the power to exercise the duties of an office; removal is a complete and final deprivation of official tenure).

■ Article V of the South Carolina Constitution provides for a unified judicial system with the Chief Justice as the administrative head, and charges the Supreme Court with administering the courts of this State. Accordingly, this Court, as the highest constitutional court, has the responsibility to protect and preserve the judicial system. Even in the absence of specific constitutional or statutory authority, we have the inherent authority to take whatever action is necessary to effectuate this responsibility. *See Judicial Qualifications Commission v. Lowenstein*, 252 Ga. 432, 314 S.E. (2d) 107 (1984); *Commonwealth v. Wise*, 351 S.W. (2d) 493 (Ky. 1961) (Milliken, concurring); *In re DeSaulnier*, 360 Mass. 757, 274 N.E. (2d) 454 (1971); *Goldman v. Bryan*, 104 Nev. 644, 764 P. (2d) 1296 (1988).

■ Respondent has been indicted for serious crimes. The fact the Constitution provides the Legislature with the means to remove a circuit judge by impeachment does not preclude this Court from exercising its inherent power to protect itself and the public, and administer justice by suspending a circuit judge who has been indicted for serious crimes.[1] *See In the Matter of Benoit*, 487 A. (2d) 1158 (Me.

---

[1] Where, as here, the Constitution creates an office, fixes its term, and provides for a method for filling the office, this Court has held that the legislative and executive branches are without authority to suspend the officer unless the authority to do so can be found in the Constitution. State ex. rel. Thompson v. Seigler, 230 S.C. 115, 94 S.E. (2d) 231 (1956); Dacus v. Johnston, 180 S.C. 329, 185 S.E. 491 (1936); State ex rel. Huckabee v. Hough, 103 S.C. 87, 87 S.E. 436 (1915); McDowell v. Burnett, supra. As indicated by this opinion, our authority to order suspension flows from the powers and responsibilities conferred on this Court by Article V of the Constitution, and is, therefore, consistent with the foregoing rule.

1985); *In the Matter of Ross*, 428 A. (2d) 858 (Me. 1981); *In re DeSaulnier*, 360 Mass. 787, 279 N.E. (2d) 296 (1972); *In re Kirby*, 350 N.W. (2d) 344 (Minn. 1984); *In re Mussman*, 112 N.H. 99, 289 A. (2d) 403 (1972); *In re Franciscus*, 471 Pa. 53, 369 A. (2d) 1190 (1977); *In re Kading*, 70 Wis. (2d) 508, 235 N.W. (2d) 409 (1975).

Respondent also contends that this Court has no authority to suspend him because the provisions of Rule 502, SCACR, Judicial Discipline and Standards, have not been followed. Here, the suspension is not for the purpose of discipline and respondent does not dispute that he has been indicted for serious crimes. The mechanisms contained in Rule 502 for resolving factual disputes in disciplinary proceedings would serve no useful purpose at this time, and, further, we do not believe their existence defeats this Court's inherent authority to take action to protect the judicial system of this State. *See In re Franciscus, supra.*

Finally, respondent contends that to withhold his pay constitutes a diminution of his salary in contravention of Article V, § 16, of the South Carolina Constitution. Article V, § 16, is a limit on the ability of the General Assembly to diminish the salary of members of the judiciary during their terms of office and was intended to keep the judiciary independent from the General Assembly. *Grimball v. Beattie*, 174 S.C. 422, 177 ˢ E. 668 (1935). The Supreme Judicial Court of Maine stated in a similar case that the compensation clause was not intended to give any judge "judicial independence" from the supreme court of that state. *In the Matter of Benoit, supra.* We agree, and reject respondent's contention that our compensation clause prohibits us from withholding his compensation pending disposition of the charges against him.

The salary pertaining to an office is an incident to the office itself and not to the person discharging the duties of the office. *Gaffney v. Mallory*, 186 S.C. 337, 195 S.E. 840 (1938). Consistent with this proposition is the common law rule that the officer's right to compensation arises out of his performance of his duties. *DeMarco v. Board of Chosen Freeholders*, 21 N.J. 136, 121 A. (2d) 396 (1956). Therefore, a public officer who is suspended from office is not entitled to compensation. 67 C.J.S. *Officers* § 221 (1978); 63 Am. Jur. (2d) *Public Officers and Employees*, § 473 (1984).

Accordingly, the suspension without pay shall remain in effect pending resolution of the charges in federal court. We wish to emphasize that this action should not be construed as indicating any opinion as to the merits of the allegations against respondent.

It is so ordered.

/s/     GEORGE T. GREGORY, Jr., C.J.
/s/     DAVID W. HARWELL, A.J.
/s/     ERNEST A. FINNEY, Jr., A.J.
/s/     JEAN H. TOAL, A.J.

CHANDLER, J., not participating.