23666

Bruce A. DRAWDY, Respondent v. TOWN OF PORT ROYAL, Appellant.
(419 S.E. (2d) 215)

Supreme Court

*Stephen P. Hughes,* of *Howell, Gibson & Hughes, P.A.,* Beaufort, *for appellant.*

*V.M. Manning Smith,* of *Davis, Tupper, Griffith & Smith, P.A.,* Beaufort, *for respondent.*

Heard Feb. 5, 1992.

Decided June 8, 1992.

FINNEY, Justice:

Appellant Town of Port Royal appeals the finding of the Master-in-Equity that Respondent Bruce A. Drawdy is entitled to a judgement for salary and associated benefits in the amount of $105,413.66 for a period during which he determined the respondent had been wrongfully excluded from his position. We affirm.

Respondent was employed as City Manager of Port Royal.

On June 17, 1988, the Mayor informed him that the Town Council had voted unanimously to terminate respondent's employment. On June 22, 1988, respondent requested a public hearing pursuant to S.C. Code Ann. § 5-13-70 (1976). In a letter dated July 1, 1988, the Mayor scheduled a public hearing for July 20, 1988, and stated the reasons for respondent's discharge.

The hearing was held on July 21, 1988. During the proceedings, the respondent asserted that the reasons given for his dismissal lacked sufficient specificity and requested clarification. Appellant relied upon the reasons as stated in its letter of July 1, 1988, and declined to elaborate further.

Contending the July 21, 1988, hearing did not comport with Section 5-13-70 and that he was still employed by the appellant, respondent commenced an action in the Court of Common Pleas on August 30, 1988, seeking damages in the nature of salary and a writ of mandamus requiring the appellant to provide a hearing which complied with the statute. The matter was heard by the master, who issued an order dated January 16, 1989, directing the appellant to conduct the manner of hearing contemplated by Section 5-13-70. The appellant appealed the master's order, and the Court of Appeals affirmed. *Drawdy v. Town of Port Royal*, 302 S.C. 125, 394 S.E. (2d) 25 (Ct. App. 1990).

On August 8, 1990, the appellant accorded respondent another hearing and upheld respondent's dismissal. The case was referred to the master for an assessment of the compensation to which the respondent was entitled. In his order dated January 31, 1991, the master held that under Section 5-13-70, removal of the respondent was stayed until the public hearing on August 8, 1990, the effective date of respondent's discharge. Therefore, remuneration was due from July 13, 1988, to August 8, 1990. The master computed wages, salary increments, benefits and interest for the period and awarded judgement in the amount of $105,413.66 with provisions for appropriate credits upon an accounting.

On appeal to this Court, the appellant argues that the master erred in awarding salary and associated benefits in that:

> 1) Neither the common law nor statutes of South Carolina recognizes a right to compensation in favor of public

officers or public officials who perform no services;

2) Such a ruling is contrary to the legislative intent of Section 5-13-70;

3) Respondent never sought reinstatement to his former employment, and provided no services either in that capacity or otherwise;

4) The master failed to apply the doctrine of avoidable consequences to reduce respondent's award; and

5) Respondent's status for the period in question was analogous to if not, in fact, an unpaid leave or an unpaid suspension.

The appellant relies upon *In the Matter of Ferguson*, 304 S.C. 216, 403 S.E. (2d) 628 (1991), which holds that the right to compensation arises from performance of the duties of an office; therefore, a public officer suspended from office is not entitled to compensation. *See DeMarco v. Board of Chosen Freeholders*, 21 N.J. 136, 121, A. (2d) 398 (1956).

This Court determined that the principal in *Ferguson* could be legally suspended as a result of being indicted on criminal charges. Conversely, appellant's suspension in the case under consideration was in violation of Section 5-13-70, which provides as follows:

The term of employment of the manager shall be at the pleasure of the council and he shall be entitled to such compensation for his services as the council may determine. The council may, in its discretion, employ the manager for a definite term. If the council determines to remove the manager he shall be given a written statement of the reasons alleged for the proposed removal and the right to a hearing thereon at a public meeting of the council.

Within five days after the notice of removal is delivered to the manager, he may file with the council a written request for a public hearing. This hearing shall be held at a council meeting not earlier than twenty days nor later than thirty days after the request is filed. The manager may file with the council a written reply not later that five days before the hearing. *The removal shall be stayed pending the decision at the public hearing.* (Emphasis added.)

The record reflects a) that the reasons stated in appellant's notice of removal were impermissibly vague; and b) the subsequent public proceedings before council did not constitute a hearing within the meaning of the statute. Hence, we find that appellant's removal was stayed pending the decision at the public hearing on August 8, 1990, and that he was wrongfully excluded from the performance of his duties prior thereto. Under this finding, the appellant is entitled to salary for the period of his wrongful suspension from July 13, 1988, to August 8, 1990. ". . .[S]alary is an incident of a municipal office, and the person lawfully entitled to such office is entitled to salary without regard to what he earned or might have earned or might have earned during the period for which he was wrongfully excluded . . ." 56 Am. Jur. (2d) *Municipal Corporations* § 267.

Appellant contends further that the master erred in failing to apply the doctrine of avoidable consequences, which operates in wrongful discharge actions, as in others, to permit a wrongfully discharged employee to recover only damages for losses which, in the exercise of due diligence, he could not avoid. *Small v. Springs Industries, Inc.*, 300 S.C. 481, 388 S.E. (2d) 808 (1990)

Although the doctrine of avoidable consequences may be applicable in actions involving private employees, courts have held to the contrary with regard to public officers.

> A public officer who is prevented, without any fault on his part, from performing the duties of his office, and while so excluded, earns wages in another employment or could have earned such wages, may recover his full salary for the period of his wrongful exclusion from office without crediting thereon by way of mitigation of damages his earnings during such period.

*Wolf v. Missouri State Training School for Boys*, 517 S.W. (2d) 138 (Mo. 1974), *quoting* 150 A.L.R. 102.

In *Smith v. City of Miner*, 761 S.W. (2d) 259 (Mo. App. 1988), the Missouri Court of Appeals reasoned persuasively that if a public officer discharged unlawfully is entitled to all wages without offset, then a public officer who had not been discharged is so entitled.

We conclude that the master did not abuse his discretion in

declining to apply the doctrine of avoidable consequences so as to offset compensation earned by the respondent during the period he was wrongfully excluded from the duties of his office.

For the foregoing reasons, this Court affirms the Findings of Fact and Conclusions of Law set forth in the January 31, 1991, Order of the Master-in-Equity.

Affirmed.

HARWELL, C.J., CHANDLER, TOAL, JJ., AND JOHN P. GARDNER, Acting Associate Justice, concur.