· 23938

In the Matter of James Cleveland FERGUSON, Respondent.
(437 S.E. (2d) 72)

Supreme Court

---

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle,* Columbia, *for complainant.*

*W. Caston Fairey,* of *Fairey & Parise, P.A.,* Columbia, *for respondent.*

Heard March 10, 1993.

Decided Sept. 20, 1993.

*Per Curiam:*

This is a judicial disciplinary matter before the Court as a result of findings by the Board of Commissioners on Judicial Standards. Under the procedural posture of this case, we order the maximum sanction available which is a Public Reprimand.

## FACTS

Judge Ferguson, while still serving as a legislator, became embroiled in the federal sting operation known as Operation Lost Trust. The charges raised by the investigation centered on influence peddling and Ferguson's use of cocaine. The misconduct giving rise to this action began while Ferguson was a member of the General Assembly, and continued after his election to the circuit court bench. Prior to receiving the oath of office as a judge, Ferguson engaged in a taped conversation with a major informant in Operation Lost Trust. In this conversation, Ferguson implied that his earlier misconduct as a legislator would be continued once he was on the Bench. At

the time of his indictment by a federal grand jury, Ferguson had been sworn in office as a circuit court judge and was actively engaged in executing the duties of judicial office.

During the pre-indictment investigation, Ferguson received a target letter from the federal grand jury. Upon receipt of the letter, Ferguson voluntarily agreed to remain in chambers until the grand jury matter was resolved. When the indictment was handed down by the grand jury, we acted to suspend Ferguson without pay. Shortly after the suspension, Ferguson appeared before us at a hearing to show cause why the suspension should not continue. This suspension and the subsequent hearing are reported in *Matter of Ferguson*, 304 S.C. 216, 403 S.E. (2d) 628 (1991), wherein the suspension was continued in effect.

The trial in the Federal District Court resulted in Ferguson's convictions for conspiracy to commit extortion and extortion under color of official right. Several months after the trial in federal court, Ferguson entered a plea of guilty to the remaining charges related to the conspiracy and possession of cocaine. Ferguson also entered a plea of *nolo contendere* for the remaining charges related to the knowing and intentional possession of cocaine. A week after entering the pleas, Ferguson, in an undated letter to Court Administration, resigned his judgeship.

Almost a year later, a hearing was held before a Panel of Hearing Masters. The Panel recommended that the matter be referred to the State Bar Grievance Committee for disposition, and the examiner objected. After filing the objection and briefs, the matter was argued before the full Board of Commissioners on Judicial Standards. Two months after the conclusion of the hearing, the full Board of Commissioners issued a report finding misconduct and recommending that Ferguson be publicly reprimanded for violating Rule 501, Canon 2(A),[1] SCACR. We then issued our Order requiring Ferguson to show cause why we should not act on the Board of Commissioners' recommendation.

---

[1] Rule 501, Canon 2(A), SCACR (Judicial Conduct), provides that "[a] judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

## ANALYSIS

The issue we must address is whether Ferguson's resignation from judicial office, prior to the initiation of the judicial misconduct action, prevents us from acting under the jurisdictional requirements outlined in Rule 502 of the South Carolina Appellate Court Rules (Judicial Discipline and Standards).[2] Ferguson also argues that the alternative attorney discipline procedures under Rule 413, SCACR, dictate against proceeding under Rule 502, SCACR.

*In The Matter of Maxwell,* 287 S.C. 594, 340 S.E. (2d) ■ 541 (1986), judicial disciplinary proceedings were brought where the judge's conduct would justify removal absent prior resignation. We held that since the judge had already resigned, the only available sanction was a public reprimand. *Id.* In *Maxwell,* we stated that:

> [w]e find that the conduct of the respondent while serving as a magistrate for Dorchester County, South Carolina, constitutes violations of Canons 1 and 2(A) of the Code of Judicial Conduct. We further note that the judicial misconduct of respondent would have justified his removal from office had he not voluntarily resigned prior to the institution of these proceedings.

*Id.* at 595, 340 S.E. (2d) at 542.

*Maxwell* is dispositive. The mere fact that Ferguson is no longer a judge at the time the proceedings are initiated is irrelevant. Historically we have sanctioned judicial officers for acts which are committed prior to the assumption of office. *See Matter of Peeples,* 297 S.C. 36, 374 S.E. (2d) 674 (1988). *Maxwell* is also in accord with the line of cases which have conferred jurisdiction over suspended judges. *See Matter of Derrick,* 301 S.C. 367, 392 S.E. (2d) 180 (1990) (where a judge was sanctioned after being relieved for a criminal conviction).

Although our decision in *Maxwell* resolves the issue, it is important to note that some official form of judicial disciplinary action has continued since the date of Ferguson's indictment.

---

[2] Specifically Rule 502, subd. 1(b) provides that "[a] judge shall be deemed guilty of misconduct, which shall include not only judicial actions but also non-judicial actions, whether the conduct complained of occurred before or after the judge assumed judicial office. . . ."

The present facts clearly show that we have been intimately involved with the action against Ferguson since his initial targeting by the federal grand jury. Our Order suspending Ferguson without pay and the subsequent hearing were closely connected to the judicial discipline process. Ferguson's argument that jurisdiction does not exist, because he is no longer a judge, is an attempt to argue form over substance.

The unusual posture of this action leaves us with few options; and the most severe punishment available, just as in *Maxwell*, is the public reprimand. This leads to the second argument raised by Ferguson which is that the attorney discipline procedure should foreclose action under the judicial canons. Ferguson argues that in *Maxwell* the magistrate was not an attorney and, therefore, not subject to discipline under Rule 413, SCACR. Ferguson attempts to posit that because he can be disciplined in a different forum, a mere judicial reprimand would be misconstrued by the public.

This is interesting logic; however, it is not in the public's interest to ignore Ferguson's actions. We must act to close the chapter on the wrongdoing giving rise to this judicial complaint. To do otherwise merely delays the inevitable and leaves the issue open to speculation. Our action today in no way precludes any other proceedings and is limited solely to Ferguson's misconduct occurring pursuant to Canon 2(A) of Rule 501, SCACR (Judicial Conduct).

For these reasons, we order the most severe judicial sanction available, a public reprimand.

Public reprimand.