584 S.E.2d 365

**In the Matter of Bamberg County Magistrate Danny J. SINGLETON, Respondent.**

No. 25686.

Supreme Court of South Carolina.

Submitted July 8, 2003.

Decided July 28, 2003.

Henry B. Richardson, Jr., and Deborah Stroud McKeown, both of Columbia, for the Office of Disciplinary Counsel.

C. Bradley Hutto, of Orangeburg, for Respondent.

PER CURIAM:

Respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR. Therein, respondent admits he violated the Code of Judicial Conduct, Rule 501, SCACR, and agrees to the imposition of a confidential admonition, a public reprimand or a definite suspension not to exceed six months. We accept the agreement and suspend respondent for six months.

### *Facts*

The facts, as stated in the agreement, are as follows. On occasions prior to 1997, respondent conducted sales of abandoned or stored motor vehicles pursuant to S.C.Code Ann. § 29–15–10 without turning the proceeds from the sale of the vehicles over to the county treasurer or the clerk of court. Instead, respondent kept the proceeds from the sale of the vehicles for his personal use. Since 1997, when respondent was confronted about this matter by another magistrate, respondent has turned the proceeds from the sale of the vehicles over to the county. Respondent maintains he was not aware that the proceeds from the sale of the vehicles had to be turned over to the county until the other magistrate advised him of the requirement. The South Carolina Law Enforcement Division investigated the matter and found that respondent failed to turn over $870 in proceeds to the county. Respondent has since paid that amount to the clerk of court. In addition, respondent represents that he has corrected his procedures for the sale of vehicles pursuant to section 29–15–10 and now complies with the statutory requirements.

### *Law*

Respondent admits that these allegations constitute grounds for discipline under Rules 7(a)(1) and (4), RJDE, Rule 502, SCACR. Respondent also admits that he has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall uphold the integrity and independence of the judiciary); Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the

judge's activities); Canon 2(A)(a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 3(a judge shall perform the duties of judicial office impartially and diligently); Canon 3(B)(2)(a judge shall be faithful to the law and maintain professional competence in it); Canon 3(B)(8)(a judge shall dispose of all judicial matters promptly, efficiently and fairly); and Canon 3(C)(1)(a judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and should cooperate with other judges and court officials in the administration of court business).

### Conclusion

We find that respondent's misconduct warrants a six month suspension. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent for six months. Bamberg County is under no obligation to pay respondent his salary during the period of suspension. *See In the Matter of Ferguson,* 304 S.C. 216, 403 S.E.2d 628 (1991).

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.