Respondent, a municipal court judge in Hardeeville and Ridgeland and a ministerial recorder/clerk of court in Hardeeville, was indicted by a Federal Grand Jury on four counts of violating 18 U.S.C. § 1001(a)(2) (making any materially false, fictitious, or fraudulent statement or representation in any matter within the jurisdiction of the executive branch of the Government of the United States). The Office of Disciplinary Counsel has filed a petition asking the Court to place Respondent on interim suspension pursuant to Rule 17(a), RJDE, Rule 502, SCACR.
IT IS ORDERED that the petition is granted and Respondent is placed on interim suspension in regard to her judicial positions. Additionally, as the administrative head of the unified judicial system and pursuant to article V, section 4 of the South Carolina Constitution, Respondent is suspended from her position as ministerial recorder/clerk of court. The municipalities of Hardeeville and Ridgeland are under no obligation to pay Respondent her salary during her suspensions. See In re Ferguson , 304 S.C. 216, 219, 403 S.E.2d 628, 631 (1991) ("[A] public officer who is suspended from office is not entitled **558 to compensation."). Respondent is enjoined from access to any monies, bank accounts, and records related to her judicial and municipal offices. Chief Municipal Judge Nancy Gutierrez is hereby appointed to take charge of all such monies, bank accounts, and records for Hardeeville. Chief Municipal Judge Thomas L. Scoggins is hereby appointed to take charge of all such monies, bank accounts, and records for Ridgeland.
IT IS FURTHER ORDERED that Respondent is prohibited from entering the premises of the municipal courts of Hardeeville and Ridgeland unless escorted by a law enforcement officer after authorization from the Chief Municipal Judges of Hardeeville or Ridgeland. Finally, Respondent is prohibited from having access to, destroying, or canceling any public records and is prohibited from access to any judicial databases or case management systems. This Order authorizes the appropriate government or law enforcement official to implement any of the prohibitions as stated in this Order.
*474 This Order, when served on any bank or other financial institution maintaining any judicial accounts of Respondent, shall serve as notice to the institution that Respondent is enjoined from having access to or making withdrawals from the accounts.
/s/ Donald W. Beatty, C. J.
FOR THE COURT